(No. 51174.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LESTER SPATES, Appellant.

*Opinion filed October 2, 1979.*

Ralph Ruebner, Deputy Defender, of Chicago (Daniel Cummings, Assistant Appellate Defender, and Randy K. Johnson, law student, of the Office of the State Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Daniel D. Doyle, State's Attorney, of Rockford (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael B. Weinstein, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Lester Spates, was convicted of armed robbery in the circuit court of Winnebago County. The appellate court affirmed the conviction. (62 Ill. App. 3d 890.) The defendant contends that the trial court erroneously denied a motion *in limine* which would have prevented the admission of a prior misdemeanor theft conviction as evidence impeaching the defendant's credi-

bility. We granted the defendant's petition for leave to appeal because there is a conflict within the first appellate district and among the appellate districts on this issue and because we deem it important to the proper conduct of trials, both civil and criminal, that this issue be clearly resolved.

The defendant was convicted of armed robbery on September 28, 1976, after a jury trial. The evidence adduced at trial showed that on February 6, 1976, the defendant was patronizing a bar in Rockford. Further, it was shown that the defendant and another man attacked Floyd Ross at the back exit to the bar. The defendant hit Ross in the face with a beer bottle, breaking the bottle and knocking Ross' glasses off in the process. The other man punched Ross in the jaw and knocked him down. They turned Ross over and removed his wallet from his back pocket and fled in a northerly direction. Ross testified that he had cashed his paycheck in the bar earlier and had placed most of the money in his wallet. The defendant was arrested on February 27, 1976. Subsequently, Ross positively identified the defendant in a police lineup and again at trial.

Rockford city police officer Casky testified that, when he arrived at the bar shortly after the robbery, he walked in the direction the two men had fled. Approximately 15 feet north of the robbery scene he found two copies of city traffic citations lying on the ground. The citations had been issued to the defendant. The police officer testified that the citations were dry and that they were lying on top of the snow.

Another witness, John Kellems, testified that he had been in the bar with the defendant and another man on the evening of February 6, 1976. Kellems and the defendant played pool together for a time, after which Kellems went home. Kellems further testified that the police came to his home that same evening to ask him the

name of the person with whom he had played pool at the bar. He told the police he knew the man only as Lester. Shortly after the police left, the defendant came to Kellems' home to ask him what the police wanted. Kellems said he did not know. Kellems stated that the defendant repeatedly said that he did not "do it." Kellems subsequently identified the defendant in a police lineup as the man he had played pool with at the bar, and as the man who came to his home on February 6, 1976. He also identified the defendant at trial.

The defendant testified on his own behalf. He was asked the following questions, *inter alia,* by his counsel on direct examination:

"Q. Mr. Spates, were you—did you plead guilty to the offense of petty theft on October 31st, 1974?
A. Yes, I did.
Q. And did you plead guilty to the offense of grand theft on November 15, 1968?
A. Yes, I did.
Q. And when is your birthday?
A. March 31st, 1951."

Defendant's counsel made a motion *in limine* prior to the commencement of trial in an effort to prevent defendant's prior misdemeanor theft conviction from being admitted into evidence. The trial court denied the motion. At the close of evidence, counsel for the defendant requested the court to give an instruction to the jury advising that evidence of prior convictions is to be considered only insofar as it may affect the credibility of a witness, and not as evidence of guilt of the crime with which one is charged. The trial court did deliver that instruction. The defendant contends that he was denied a fair trial because he was forced, as a tactical measure, to introduce his prior misdemeanor conviction into evidence. Defendant prays that the judgment of the appellate court be reversed and that this cause be remanded for a new trial.

At the outset we take note that the misdemeanor theft conviction which defendant contends was erroneously admitted was the defendant's second conviction for the offense of theft. Section 16—1(e) of the Criminal Code of 1961 states that a "second or subsequent offense after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony." (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e).) While a question of the nature of defendant's conviction is thereby raised, we must assume that the conviction was for a misdemeanor, since we will not inquire into matters which are *dehors* the record. *Gille v. Winnebago County Housing Authority* (1970), 44 Ill. 2d 419, 427.

The next question to be decided is whether the defendant properly preserved for review the question of the admissibility of defendant's conviction of misdemeanor theft. It has been held that a defendant cannot on review object to testimony which he himself introduced. (*People v. Taylor* (1979), 68 Ill. App. 3d 680, 686, citing *People v. Clements* (1925), 316 Ill. 282, 284.) However, the rule as stated in *Clements* is as follows:

"It is a well settled principle of law that a party will not be allowed to take advantage of his own wrong or of an error of the court induced by his own motion. If it was error to instruct the jury upon the question of manslaughter and to submit to the jury the question of plaintiff in error's guilt of the crime of manslaughter, plaintiff in error invited the error, and having done so must accept its results. He can not ask the court below to make a specific ruling or to proceed in a certain manner and then successfully assign as error in a court of review that the ruling or action of the court is erroneous." 316 Ill. 282, 284.

The foregoing rule refers to jury instructions, not testimony, and to actions taken by the court, not action

taken by a party. The court's denial of the motion *in limine* and the introduction of the conviction by defendant are in a different category. As to those acts, the statement in *People v. DeHoyos* (1976), 64 Ill. 2d 128, 131, is more pertinent:

> "This is an example of 'the practice which permits the party who calls a witness with a criminal record to prove the record on direct examination.' (3A Wigmore, Evidence sec. 900, at 667 n.1 (Chadbourn rev. ed. 1970).) It is not impeachment of one's own witness; on the contrary it is an anticipatory disclosure designed to reduce the prejudicial effect of the evidence on the witness' credibility. The evidence is admissible on the ground that 'The proponent of a witness need not allow such information damaging to his credibility to be first established on cross-examination ***.' *United States v. Mahler* (2d Cir. 1966), 363 F.2d 673, 678."

See also *People v. DeHoyos* (1976), 64 Ill. 2d 128, 133 (dissenting opinion), where it is stated that "no valid reason" exists to preclude introduction of matters affecting credibility of a witness by the party calling that witness, nor should revelation of the matters await the opponent's decision whether to reveal them.

In sum then, a party waives the right to raise as error action taken by the court at the instance of that party; it is quite another matter when, after an exclusionary motion is denied, the party himself raises a matter so as to lessen its impact, when the party knows that if he does not raise it, the opponent will. The difference is that, in the first instance, the request and the subsequent assertion of error are inconsistent with one another. In the second instance the aim is consistent: once the motion to exclude the matter is denied, the party must try to limit the effect the matter will have on the trier of fact. He has not waived the

issue by raising it; he has merely tried to ensure that it does the least damage to his witness' credibility. Under the precise facts presented herein, that is what the defendant has done. Therefore the defendant has properly preserved this issue for review. Compare *People v. Price* (1976), 41 Ill. App. 3d 1059, with *People v. Rudolph* (1977), 50 Ill. App. 3d 559.

Thus we proceed to decide whether the trial court committed reversible error when it denied the defendant's motion *in limine* to exclude the defendant's prior conviction for misdemeanor theft. This issue is governed by the rule enunciated in *People v. Montgomery* (1971), 47 Ill. 2d 510, and enlarged upon in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585. In *Montgomery* (47 Ill. 2d 510, 516) we adopted proposed Federal Rule of Evidence 609, which states, insofar as is pertinent to this case:

> "(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere,* is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." Proposed Fed. R. Evid. 609.

In *Knowles* we held that proposed Rule 609, as adopted by *Montgomery,* applied to civil as well as criminal cases, and that for purposes of impeachment of testimony no distinction is to be made between infamous crimes and misdemeanors. The court is to determine whether the crime falls within the purview of proposed Rules 609(a)(1) or (2); that is, whether the crime is either one punishable by death or imprisonment in excess of one year, or is a crime involving dishonesty or false statement.

Since the crime at issue in the instant case is

misdemeanor theft, punishable, at a maximum, by imprisonment for less than one year (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1)), evidence of a conviction would not be admissible under proposed Rule 609(a)(1).

The issue here thus becomes whether the crime of misdemeanor theft is a crime involving dishonesty or false statement, so that a conviction for that offense is admissible for the purpose of impeaching a witness. We are urged by the defense to interpret the phrase "crimes involving dishonesty or false statement" narrowly so as to limit the admissibility of prior convictions to crimes which contain an element of affirmative misstatement or of misrepresentation of fact. The State urges that we give the phrase a broader meaning and include not only crimes of representational dishonesty but crimes which relate generally to any kind of dishonesty, whether manifested by conduct or words.

The defendant argues that only a conviction which falls into that class of crime characterized at common law as *crimen falsi* should be admitted to impeach a witness. (See *Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108; Conference Report on Federal Rules of Evidence, Joint H. R. & S. Rep. No. 93—1597, 93d Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Adm. News 7103.) *Crimen falsi* does not include all offenses which involve a charge of untruthfulness, but only those which injuriously affect the administration of public justice, such as perjury, subornation of perjury, suppression of testimony by bribery or conspiracy to procure the absence of a witness, or to accuse one wrongfully of a crime, or barratry, or the like. *Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, 113.

*Crimen falsi* is a class of offenses, misdemeanors at common law, which, along with treason and any felony, comprise the infamous crimes. (Black's Law Dictionary 446 (infamous crime) (rev. 4th ed. 1968).) At common

law, any person convicted of an infamous crime was not permitted to testify at any trial, due to the belief that conviction of such a crime rendered the person inherently unworthy of trust. (*Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, 113.) That harsh rule was abrogated with the passage of the Evidence Act (Ill. Rev. Stat. 1975, ch. 51, par. 1 *et seq.*), section 1 of which provides that no person shall be disqualified to testify based on a prior conviction, but that conviction may be admitted to affect the credibility of the witness. (See the corresponding criminal provision (Ill. Rev. Stat. 1975, ch. 38, par. 155–1).) The rule was further affected by our decision in *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 589, that no distinction is to be made between misdemeanors and infamous crimes when introducing prior convictions in civil and criminal proceedings for the purpose of impeachment.

Accordingly, if no distinction is to be made between misdemeanors and infamous crimes, and *crimen falsi* is a subset of infamous crimes, it follows that the types of misdemeanors admissible to impeach should not be limited only to the *crimen falsi* offenses. Additionally, a close look at the *crimen falsi* offenses reveals that most of the offenses covered by that term—perjury, subornation of perjury, bribery of a juror, communicating with jurors and witnesses—are felonies. Evidence of conviction of those crimes is admissible under proposed Rule 609(a)(1), independent of the requirement of dishonesty or false statement. In addition, crimes involving deception such as fraud over $150, forgery and bigamy are also felonies. Therefore, were we to limit the types of misdemeanor convictions which are admissible to impeach to the *crimen falsi* offenses and crimes of deception, as argued by the defendant, we would restrict the rule to the point where its use would be extremely rare. This we refuse to do. We therefore hold that theft is a crime falling within proposed

Rule 609(a)(2), involving dishonesty or false statement.

Support for our holding is obtained by reference to Webster's Third New International Disctionary 650 (1971) where "dishonest" is defined as a "breach of honesty or trust, as lying, deceiving, cheating, *stealing,* or defrauding \*\*\*." (Emphasis added.) Assuming that the drafters of the Federal rules of evidence intended the natural meaning of their words, we can perceive no reason why proposed Rule 609(a)(2) should not encompass both theft, as an act of dishonesty, as well as perjury, as an act of false statement. This interpretation is especially justified since the rule is written using the disjunctive conjunction "or," designating that either of two alternatives would fall within the rule. Since crimes involving affirmative misstatements are presumably included by the phrase "false statement," crimes involving *conduct* that is dishonest, of which theft is surely one, are included by the term "crimes involving dishonesty."

Yet another reason for holding theft to be a crime of dishonesty is the fact that under the Illinois theft statute (Ill. Rev. Stat. 1975, ch. 38, par. 16—1), one of the four types of theft defined is theft by deception. In a cogent dissent in *People v. Rudolph* (1977), 50 Ill. App. 3d 559, 570, with facts very similar to the instant case, it was noted that theft by deception "may be considered to be included within 'dishonesty or false statement.' " (50 Ill. App. 3d 559, 576.) We do not deem it prudent, however, to require a court to look behind a conviction to ascertain the specific type of theft upon which the conviction was based, differentiate between the four types of theft and make a determination as to which types involve dishonesty, for the purpose of impeachment of a witness. Not only is such a procedure cumbersome, but it is collateral to the immediate controversy. (*Gallagher v. People* (1904), 211 Ill. 158.) The more sensible approach is that a conviction for theft, of whatever type, will be admissible

to impeach the credibility of a witness. This interpretation of proposed Rule 609(a)(2) has been more often accepted by our appellate court, and we think it the better approach. Compare, *e.g., People v. Thomas* (1st Dist. 1978), 58 Ill. App. 3d 402, *People v. Rudolph* (1st Dist. 1977), 50 Ill. App. 3d 559, *People v. Clay* (2d Dist. 1977), 45 Ill. App. 3d 145, *People v. Ray* (1st Dist. 1976), 36 Ill. App. 3d 283, and *People v. Kreisa* (4th Dist. 1974), 24 Ill. App. 3d 832, with *People v. Malone* (1st Dist. 1978), 67 Ill. App. 3d 150, *People v. Vaughn* (5th Dist. 1978), 56 Ill. App. 3d 700, and the dissent in *Rudolph,* above, 50 Ill. App. 3d 559, 570.

The defendant raises the additional argument that a conviction for theft does not, as required by *Knowles,* "reasonably relate to testimonial deceit." (66 Ill. 2d 585, 589.) We disagree. There is at least as reasonable a relation between theft and testimonial deceit as there is between an unquestionably admissible conviction for a violent felony, such as voluntary manslaughter, which is presumed to so relate. There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath. (*Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, 940.) Less is learned about one's capacity for veracity by a conviction for manslaughter. Reason compels the conclusion that a conviction for theft, petty or grand, should be admissible to impeach, due to the relation it bears to testimonial deceit.

In keeping with the test set down in *Knowles v. Panopoulos,* we propose as a guideline that any misdemeanor, which has as its basis lying, cheating, deceiving or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes. Theft is clearly included in this category.

Finally we stress once again as we did in *Montgomery* and *Knowles* that the discretionary nature of proposed Rule 609 remains inviolate. It is still the province of the

trial court to weigh the probative value of a conviction for misdemeanor theft against the potential for unfair prejudice which might result and, in appropriate cases, refuse to admit evidence of a conviction. (*People v. Ray* (1973), 54 Ill. 2d 377, 382-83.) The various factors to be considered remain: the nature of the crime, the nearness or remoteness in time of the conviction to the present trial, the subsequent career of the person, and whether the crime was similar to the one charged. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 518.) We have considered the foregoing in relation to the instant case and conclude that the trial court was correct in denying the defendant's motion *in limine.* Upon a careful review of the record, we think that the defendant herein received a fair trial.

Accordingly, for the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*