THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP E. HALL, Defendant-Appellant.

Third District    No. 80-527

Opinion filed May 8, 1981.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorney's Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Phillip E. Hall, appeals from his conviction for forgery following a jury trial in the Circuit Court of Rock Island County. Subsequently, the circuit court sentenced him to a term of 5 years imprisonment. The only issue presented for review is whether the circuit court abused its discretion and denied the defendant a fair trial when it allowed the defendant's veracity to be impeached by 11 prior convictions, including five convictions similar to the offense charged in the instant case. We affirm.

An information charged that on February 5, 1980, the defendant delivered to Randall's Food Store a Master Charge sales slip drawn on the account of Charles E. Moore and signed "Charles E. Moore." At trial the State introduced a motion *in limine*, declaring that it intended to impeach the defendant, if he were to testify, by using 11 prior convictions including several convictions similar to the instant forgery offense. At the end of the State's case, the circuit judge granted the State's motion.

The defendant testified as the only witness for the defense. He denied possessing a credit card owned by Charles E. Moore. He further denied delivering the credit card slip bearing Moore's signature to Randall's Food Store on the date in question. During direct examination, the following exchange occurred between the defendant and defense counsel:

"Q. Now, just so the air is clear in terms of * * * the jury has a right to know your background and I am sure the State will inquire a little bit further * * * am I correct that you have had a number of prior convictions?

A. Yes. I have been convicted several times in the past.

Q. As I recall that would amount to approximately four different occasions. And on those occasions * * * several cases * * * two or three cases, or two or three counts on some of these cases, but there are at least four separate cases you have been convicted of a crime?

A. Yes."

On cross-examination, the assistant state's attorney asked the defendant whether his "several" convictions included the following 11 offenses: petty larceny and receiving stolen property, July 7, 1970; two counts of burglary and two counts of forgery, March 22, 1972; attempt (robbery) with a deadly weapon and unlawful possession of a sawed-off shotgun, April 29, 1975; and three counts of fraudulent use of a credit card,

December 17, 1976. The defendant admitted to having been convicted of the 11 offenses on the dates mentioned.

During closing arguments, the assistant state's attorney emphasized that the defendant's alibi depended upon his credibility which had been substantially diminished by evidence of his 11 prior convictions. The assistant state's attorney again read the list of convictions to the jury.

The defendant concedes that evidence of prior convictions may be used to impeach his testimony. Nevertheless, he contends the State's cross-examination substantially exceeded the probative value of the convictions on the issue of the defendant's veracity and thus prejudiced him. This prejudicial "overkill" on cross-examination resulted: (1) because as the number of prior convictions increased, the probative value for impeachment of each conviction diminished and the prejudicial effect of each conviction accumulated, thus outweighing the prior convictions' probative value; and (2) because of the similarity between five of the prior convictions and the instant forgery offense. In response, the State argues that because of the defendant's testimony on direct examination concerning only four prior convictions, it was proper impeachment to show the number and nature of his convictions. The State further argued that the prior convictions' probative value exceeded their judicial impact.

In *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, our supreme court adopted then proposed Rule 609 of the Federal Rules of Evidence as the law of Illinois. That rule admits evidence of prior convictions for impeachment if the crime was punishable by death or imprisonment in excess of one year, or the crime involved dishonesty or false statement regardless of punishment, unless, in either case, the judge determines that the probative value of such evidence is substantially outweighed by danger of unfair prejudice. Also, Rule 609(b) absolutely prohibits the use of evidence of a conviction where a period of more than 10 years has elapsed since the date of conviction or release from confinement. The danger of unfair prejudice is especially likely to occur where the defendant chooses to testify in his own defense. That danger manifests itself where, despite instructions to the contrary, a jury gives more weight to the past convictions as evidence probative of guilt or as evidence of general bad character which deserves imprisonment, than they give to the effect of the past convictions on the defendant's credibility. McCormick, Handbook of the Law of Evidence, ch. 5, §43 (2d ed. 1972).

■■ In determining whether a conviction's prejudicial effect substantially outweighs its probative value, the trial court must consider four factors set forth in *Montgomery*: (1) whether the prior conviction is veracity related; (2) recency of the prior conviction to the present offense, as it relates to the degree of the defendant's rehabilitation; (3) the subsequent career of

the defendant, as it also relates to the degree of the defendant's rehabilitation; and (4) the similarity of the prior conviction to the present charge, because such similarity often invites an improper inference of guilt rather than directing attention to the defendant's credibility. See *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, *cert. denied* (1968), 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421.

■█ The defendant's overkill argument, when viewed in light of *Montgomery's* four factors, clearly fails to establish that the probative value of the 11 convictions was substantially outweighed by their prejudicial effect. Very significantly, of the 11 convictions, 10 were "veracity related" crimes bearing a reasonable relationship to the possibility of testimonial deceit. *People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563.

The defendant's first argument, that the marginal probative value of each past conviction decreases as additional convictions are introduced, conflicts directly with rational analysis. Rather, additional convictions demonstrate, by their frequency and recency, the likelihood of defendant's potential for testimonial deceit. Moreover, Illinois courts have long admitted evidence of prior multiple convictions for impeachment over the objection of potential undue prejudice. See *People v. Sanders* (1974), 56 Ill. 2d 241, 306 N.E.2d 865, *cert. denied* (1974), 417 U.S. 972, 41 L. Ed. 2d 1143, 94 S. Ct. 3178.

While five of the defendant's prior convictions do bear similarity to the instant offense and thus raise the specter of prejudice, Illinois courts have not considered the last *Montgomery* factor conclusively prejudicial, for we have frequently admitted evidence of similar prior convictions for impeachment. (See, *e.g., People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563; *People v. Washington* (1980), 85 Ill. App. 3d 522, 407 N.E.2d 185.) Likewise, in the case at bar, we find that the probative value, as determined by the first three *Montgomery* factors, outweighs the risk of prejudice created by similarity between the prior convictions and the instant offense.

For the foregoing reasons, we find the circuit court did not err in admitting the evidence of 11 prior convictions for impeachment. Accordingly, we affirm the judgment entered in the Circuit Court of Rock Island County.

Affirmed.

ALLOY and BARRY, JJ., concur.