449 So.2d 813 (1984)
STATE of Florida, Petitioner,
v.
Robert Sawyer PAGE, Respondent.
No. 63360.
Supreme Court of Florida.
April 26, 1984.
*814 Jim Smith, Atty. Gen., and Robert Krauss, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for respondent.
McDONALD, Justice.
This cause is before the Court on petition for review of a district court of appeal decision, Page v. State, 436 So.2d 153 (Fla. 2d DCA 1983). The district court certified the following question as one of great public importance:
WHETHER THE STATE IS PREVENTED BY SECTION 90.610(1), FLORIDA STATUTES (1981), FROM IMPEACHING A DEFENDANT BY USE OF A PRIOR PETIT THEFT CONVICTION WITHOUT SHOWING THAT SUCH CRIME INVOLVES SOME ELEMENT OF DECEIT, UNTRUTHFULNESS, OR FALSIFICATION BEARING UPON THE DEFENDANT'S CAPACITY TO TESTIFY TRUTHFULLY.
Id. at 153. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question in the negative and thereby quash the district court's opinion.
During the jury trial of Robert Sawyer Page, charged with the sale of cocaine, defense counsel made a motion in limine to exclude evidence of two prior petit theft convictions offered by the state to impeach Page. In denying the motion the trial court ruled that all petit thefts are crimes of "dishonesty" and, therefore, admissible for purposes of impeachment pursuant to subsection 90.610(1), Florida Statutes (1981). On appeal the second district reversed Page's conviction on the authority of Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA), review denied, 419 So.2d 1200 (Fla. 1982). In Hall the first district held that a conviction for petit theft may not be used for impeachment purposes unless the prosecution demonstrates that the crime involved some element of deceit, untruthfulness, or falsification bearing upon the witness' capacity to testify truthfully.[1]
Subsection 90.610(1), Florida Statutes (1981), reads:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, with the following exceptions:
* * * * * *
The First District Court of Appeal in Hall reached the conclusion that the commission of a petit theft is not, per se, a crime involving "dishonesty or false statement" by applying principles of statutory construction.
*815 Prior to the adoption of the new evidence code in Florida, a witness could be impeached with evidence of a conviction of any crime, excluding certain minor offenses such as traffic infractions. See Hendrick v. Strazzulla, 135 So.2d 1 (Fla. 1961). With the advent of the new code subsection 90.610(1) was drafted so as to limit crimes admissible for impeachment purposes to those involving "dishonesty or false statement." Subsection 90.610(1), Florida Statutes (1977), as originally drafted read:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime involving dishonesty or a false statement, with the following exceptions:
* * * * * *
The drafters intended to include theft-related offenses within the definition of crimes involving "dishonest or false statement". See C. Ehrhardt, Florida Evidence § 610.1 at 186 (1977). In 1978, however, the Florida Legislature amended subsection 90.610(1) to substantially conform to the language of Federal Rule of Evidence 609. The First District Court of Appeal interpreted this amendment as evidencing the intention by the legislature to negate the intent of the draftees and accord subsection 90.610(1) a construction similar to that given its model in the federal courts. Federal rule 609 requires the prosecution to demonstrate that the misdemeanor petit theft involved some element of deceitfulness, untruthfulness, or falsification before the conviction can be admissible for impeachment purposes. In construing subsection 90.610(1), as amended in 1978, the first district in Hall sought to discover what the legislature intended to constitute a crime of "dishonesty or false statement."
Article V, section 2(a) of the Florida Constitution grants to this Court the power to "adopt rules for the practice and procedure in all courts." Subsection 90.610(1), dealing with the use of prior convictions for the purpose of impeachment, clearly falls within the realm of "procedure." To avoid a constitutional attack on the evidence code and recognizing that matters of court procedure are the sole responsibility of this Court, we adopted the legislatively enacted evidence code as a court rule in 1979. In re Florida Evidence Code, 372 So.2d 1369 (Fla. 1979). Thus, pursuant to article V of the constitution it is our sole responsibility to determine which crimes involve "dishonesty or false statement" for the purpose of impeachment.[2]
It is our view that the commission of petit theft, or any other offense falling within the scope of chapter 812, Florida Statutes (1981),[3] necessarily involves "dishonesty" so as to bring any conviction for such a crime within the scope of subsection 90.610(1). We realize that our interpretation of the statute differs from the federal construction of identical language contained in federal rule 609. We are also aware that the position we take has been labelled the "minority view." See C. Ehrhardt Florida Evidence, § 610.1 at 88 (Supp. 1982). But we are convinced that our interpretation is the more logical one, and we are not alone. The Illinois Supreme Court, in construing federal rule 609, which it had expressly adopted, stated:
There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath... .
... [A]ny misdemeanor, which has as its basis lying, cheating, deceiving, or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes.
People v. Spates, 77 Ill.2d 193, 204, 32 Ill.Dec. 333, 395 N.E.2d 563, 569 (1979).
As the state has pointed out, subsection 90.610(1) refers to crimes involving "dishonesty *816 or false statement." To restrict the rule's application only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain meaning of the word "dishonesty." In Spates the Supreme Court of Illinois pointed out that Webster's Third New International Dictionary 650 (1971) defines "dishonesty" as a "breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding..." Id. at 203, 32 Ill.Dec. at 338, 395 N.E.2d at 568 (emphasis supplied).
An added reason for our ruling is our concern with the fact that acceptance of the narrow interpretation of subsection 90.610(1) advanced by the first district in Hall would result in the cumbersome procedure of conducting a "trial within a trial" to determine whether some form of affirmative misstatement or misrepresentation of fact was involved in the commission of the crime. Page argues that the interests of justice and the defendant's right to a fair trial outweigh any administrative inconvenience caused by a preliminary evidentiary hearing into the surrounding circumstances of a prior petit theft conviction. We do not believe, however, that our position sacrifices any principles of justice since we are convinced that the commission of a petit theft is, per se, a crime involving "dishonesty" and, therefore, bears directly on the witness' capacity to testify truthfully at trial. Also, section 90.403 of the evidence code enables the trial court to exclude evidence of prior convictions, even though relevant, if the probative value is substantially outweighed by the danger of unfair prejudice.
We therefore disapprove Hall on this issue and quash the district court's opinion in this cause. We remand the instant action with instructions to reinstate the judgment and conviction of the trial court.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW, J., concurs.
ADKINS, Justice, dissenting.
I dissent. Today's majority opinion takes the law of Florida two steps backward in the development of a fair and progressive evidence code. I can find no logic whatever in refusing to follow the federal interpretation of words which substantially adopt a federal rule of evidence. See e.g., United States v. Fearwell, 595 F.2d 771 (DC App. 1978) (limiting such impeachment to those offenses which bear directly on the ability to testify truthfully); United States v. Papia, 560 F.2d 827 (7th Cir.1977) (the burden of presenting specific facts to show the crime involved dishonesty or false statement is on the government). The majority bases its holding on what it perceives to be the true intention of the Florida legislature, the definition of dishonesty, and the power of this Court to determine which crimes involve "dishonesty or false statement" for the purpose of impeachment. I believe that the majority's perception is faulty in each of these.
There is some evidence in the legislative history of section 90.610 that the intention may have been that theft-related misdemeanors are not necessarily included for the purpose of impeachment. The sponsors' notes on the original version of that section, as well as the staff analysis of the bill, state that it is only logical to restrict the use of crimes for impeachment to those involving dishonesty or false statement because, when a witness' credibility is under attack, it is the character traits of truth and veracity that are at issue. House Judiciary Committee, Senate Bill 754 with sponsors' notes, chapter 76-237, Laws of Florida: Florida State Archives RG 920, series 18, Box 494, file SB 754; Senate Judiciary-Criminal Committee, Staff Analysis for Senate Bill 754, chapter 76-237, Laws of Florida: Florida State Archives RG 920, series 18, Box 494, file SB 754. Therefore, it follows that only those crimes relating to the defendant's truth and veracity would be relevant.
If the drafters did intend that the original form of the bill be broadly applied so as *817 to include crimes such as theft, the reason for a broad application disappeared when the section was revised. In its original form, no matter how serious the crime, only those involving dishonesty or false statements could be used. It is logical that the drafters might want to include theft-related offenses so that a serious felony such as armed robbery would be admissible. In its revised form the section allows the use of all crimes punishable by imprisonment in excess of one year or by death. Serious crimes are now encompassed by the statute and specifically permitted whether or not they involve dishonesty or false statement. It is only misdemeanor crimes which must fulfill that criteria. Because these are relatively minor offenses, the additional safeguard of requiring them to reflect upon the defendant's truth or veracity is necessary to avoid undue prejudice to the defendant. If we expand the meaning to include all theft-related offenses, we will have virtually the same law that we had before the evidence code  that all crimes are admissible for the purpose of impeaching the defendant. Hendrick v. Strazzulla.
The definition of the word dishonest has become an issue because the majority follows the Illinois Supreme Court in Spates and states that the "plain meaning" of dishonesty includes stealing. I have yet to locate a dictionary which includes stealing in the definition of dishonesty. The quote from Webster's Third New International Dictionary, which the majority adopts from Spates, actually comes from the synonym section. It states only that dishonest may apply to stealing which is a far cry from saying that dishonest always applies to stealing. The dictionary states that "dishonest" is:
[C]haracterized by lack of truth, honesty, probity, or trustworthiness or by an inclination to mislead, lie, cheat, or defraud ...

syn [deceitful], [lying], [mendacious], [untruthful]: [dishonest] may apply to any breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding ...
Id. at 650 (emphasis supplied). I fail to see how stealing is within the "plain meaning" of dishonest. If it were, it would be included in the main body of the definition. The dictionary describes the synonymy paragraph as follows:
18.1 This dictionary contains over a thousand paragraphs in which synonymous words are briefly discriminated and given verbal illustrations. Each paragraph follows the entry of one of the words of a group under consideration and is signaled by the boldface abbreviation syn indented. The paragraph is a synonymy... .
Id. at 18a (emphasis supplied).
While petit theft is always criminal, it may or may not also reflect on the defendant's truth and veracity. We should require the prosecution to demonstrate that petit theft relates to these traits before evidence of such a crime is admitted to impeach the defendant. This showing would be no more "cumbersome" than is any other type of evidentiary hearing which we now require in order to safeguard a defendant's rights.
It is this Court's sole responsibility to adopt rules for the practice and procedure in all courts pursuant to article V of the Florida Constitution. However, I sincerely believe that the majority has gone far beyond the mandate of the constitution in today's opinion.
I would affirm the Second District Court's opinion and approve Hall on this point.
SHAW, J., concurs.
NOTES
[1] The Fourth District Court of Appeal in Rivers v. State, 423 So.2d 444 (Fla. 4th DCA 1982), agreed with Hall's interpretation of § 90.610(1).
[2] Although we deem the legislature's intent irrelevant, in the absence of any express manifestation we are not convinced that the legislature intended to negate the intent of the original drafters.
[3] Ch. 812 deals with "Theft, Robbery, and Related Crimes".