PER CURIAM.
We agree with appellant Belton’s contention that the trial court improperly limited cross-examination of the state’s principal witness, Mary Burns, by precluding cross-examination with respect to an out-of-state conviction. Whether the crime in question (“joy-riding”) was punishable by not more than 90 days imprisonment, as the state represented below, or was punishable up to either two or five years, as Belton now argues, is of no moment since it is undisputed on this record that the crime is considered in Michigan and in Florida to involve a dishonest act and, therefore, falls within the scope of section 90.610(1), Florida Statutes (1988). See State v. Page, 449 So.2d 813 (Fla.1984); People v. Hayward, 127 Mich.App. 50, 338 N.W.2d 549 (1983). The fact-finder should have had the benefit of this probative impeachment evidence. See Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353-54 (1974).
Reversed and remanded.