THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND N. MILES, Defendant-Appellant.

Fourth District    No. 4—88—0534

Opinion filed July 27, 1989.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On December 30, 1987, defendant Raymond N. Miles and his co-defendant Heldrus Hancock were charged by information with the offense of attempt (residential burglary) (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(a)). Following a jury trial in the circuit court of Vermilion County, both defendants were convicted of the included offense of attempt (criminal trespass to residence). The trial court sentenced Miles to 364 days in the county jail. Defendant appeals and we affirm.

Prior to trial defendant filed a motion *in limine* requesting the State be precluded from impeaching defendant's credibility with his prior convictions for aggravated battery in 1981, burglary in 1982, retail theft in 1983, and forgery in 1985. The motion was denied.

At the jury trial, Ken Hillard testified he saw two black men pull into the driveway of his neighbors' house in Danville, Illinois. The owners of the house, Michael and Mary Eberly, were on vacation. One of the men got out of the car and knocked on the front door. No one answered the knock and the man returned to the car. The two men then parked the car one block north of the house and returned on foot. Hillard made a call to the police. While he was waiting for them to arrive, he observed one of the men beat on the front door while the other man stood in the driveway. Both men then walked to the back of the house. A few seconds later they returned to the front door and

began beating on it again. One of the men hit the door with his hip several times.

When the police arrived shortly thereafter, the two men were found standing on the front porch of the Eberly house and were identified as the defendant and Hancock. Two gloves and a six-inch screwdriver were found on defendant's person. The police also discovered a 15-inch-long screwdriver in a flower bed located five feet from the front porch of the house.

An inspection of the Eberly house revealed a loose latch plate on the front door and fresh marks, apparently made by a screwdriver, above and below the latch on the back door. Mr. Eberly's sister testified she had been watching the Eberly's house while they were on vacation and no damage had been done to the back door since she last checked it the morning of the burglary attempt.

Defendant's motion for a directed verdict at the close of the State's case was denied. The defense rested without presenting any evidence.

Defendant argues the trial court erred in denying his motion *in limine* requesting the court to preclude the State from introducing defendant's prior convictions for impeachment purposes. The State maintains defendant's argument was not properly preserved for review because defendant failed to testify. We agree.

The State cites the decisions of this court in *People v. Redman* (1986), 141 Ill. App. 3d 691, 490 N.E.2d 958, and *People v. Henne* (1988), 165 Ill. App. 3d 315, 518 N.E.2d 1276, to support its waiver argument. Both cases relied on the holding in *Luce v. United States* (1984), 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460.

In *Luce*, the Supreme Court held a defendant who fails to testify cannot challenge on appeal the trial court's adverse ruling on his motion *in limine* requesting that use of his prior convictions for impeachment purposes be forbidden. The Court noted any possible harm resulting from the trial court's ruling is wholly speculative. Also, because an accused's decision whether to testify seldom turns on the resolution of one factor, a reviewing court cannot assume an adverse ruling on the motion motivated defendant to refrain from testifying. Moreover, even if the Court's ruling is determined erroneous on review, it would be impossible to determine if the error was harmless without benefit of the defendant's testimony in the record. Any error would thus result in the windfall of automatic reversal. Therefore, the court noted that requiring the defendant to testify would solve these problems and discourage the making of motions *in limine* for the sole purpose of "planting" reversible error in the event of conviction.

*Luce*, 469 U.S. at 42, 83 L. Ed. 2d at 448, 105 S. Ct. at 463-64.

This court in *Redman* adopted the reasoning in *Luce* and held that since defendant failed to testify, he could not challenge on appeal the trial court's adverse ruling with respect to his motion *in limine* which, as in this case, sought to preclude the State from introducing defendant's prior convictions for impeachment purposes. In *Henne*, we refused to consider defendant's argument the trial court improperly denied his motion to exclude a prior statement the State intended to use for impeachment purposes. Based on the rationale of *Luce* and *Redman*, we applied the waiver doctrine because the defendant did not testify.

■ We continue to follow *Luce* and its progeny in Illinois. Accordingly, we hold defendant's objection on appeal to the trial court's ruling on his motion *in limine* was waived by his failure to testify at trial. Moreover, had defendant properly preserved the issue for review, it would have failed on the merits.

■ In deciding whether to allow the use of a defendant's prior convictions for impeachment purposes, the trial court must balance their probative value with the danger of unfair prejudice to defendant. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) When making such a determination, the court must examine the following factors as set forth in *Montgomery*: (1) whether the prior conviction is veracity-related; (2) the recency of the prior conviction as it relates to the degree of defendant's rehabilitation; (3) the length of the witness' criminal record; and (4) the similarity of the prior offenses to the instant offense, thus increasing the danger of prejudice.

Defendant concedes that with the exception of his conviction for aggravated battery, his convictions for burglary, forgery and theft all involve dishonesty and, therefore, relate to his veracity. However, defendant argues impeachment evidence as to those convictions would have created a danger of prejudice, because they are substantially similar to the crime of attempt (residential burglary). Defendant maintains such similarity often invites an improper inference of guilt by the jury, rather than to direct their attention to the defendant's credibility. See *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936.

■ The State argues, and we agree, that while similarity between the previous convictions and the current charge may increase the risk of prejudice to the accused, it is not mandatory they be disallowed. (*People v. Marron* (1986), 145 Ill. App. 3d 975, 496 N.E.2d 297.) Illinois courts have frequently allowed impeachment by use of same or similar crimes. See, *e.g., People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563; *People v. Blair* (1981), 102 Ill. App. 3d 1018,

429 N.E.2d 1375.

Although the crimes of burglary, forgery, and theft are similar to the offense charged in this case, we give greater weight to the fact defendant's extensive criminal record is composed primarily of veracity-related crimes committed within five to seven years of the present trial. Certainly defendant's record does not indicate he has been rehabilitated in the interim. After balancing the *Montgomery* factors, we find no abuse of discretion in the trial court's denial of defendant's motion *in limine* seeking to forbid the use of his prior convictions for impeachment purposes.

The judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.