609 So.2d 755 (1992)
CHILDREN'S PALACE, INC., d/b/a Children's Palace, Appellant,
v.
Alveria JOHNSON and Michael Johnson, Appellees.
No. 92-300.
District Court of Appeal of Florida, First District.
December 7, 1992.
Rehearing Denied January 8, 1993.
*756 Patricia Guilday and Reynolds E. Pitts, Jr. of Fuller, Johnson & Farrell, P.A., Pensacola, for appellant.
Arthur A. Shimek of Arthur A. Shimek, P.A., Pensacola, for appellees.
ALLEN, Judge.
Children's Palace, Inc. appeals from a judgment entered following a jury verdict in favor of Alveria and Michael Johnson in a negligence action. The appellant's primary contention on appeal is that the trial court abused its discretion in refusing to permit appellant to impeach Alveria Johnson with evidence of her prior felony and misdemeanor convictions for writing worthless checks. We agree that this evidence should have been admitted and thus reverse for a new trial.
Alveria Johnson was shopping in the Children's Palace when a Nintendo stand fell and struck her from behind. As a result of injuries she sustained, she and her husband sued Children's Palace for damages. Prior to trial, she filed a motion in limine to exclude evidence of her convictions on worthless check charges. The court granted the motion after concluding that the probative value of the evidence was outweighed by its unfair prejudice.
This issue requires resolution of two questions: whether the worthless check convictions are admissible under section 90.610(1), Florida Statutes (1989), and if so, whether they should nonetheless be excluded because their probative value is substantially outweighed by unfair prejudice under section 90.403, Florida Statutes (1989).
Section 90.610(1) provides in pertinent part;
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
The record indicates that a number of the convictions were punishable by more than a year in prison under the law at the time of conviction, and thus those convictions would be admissible as felony convictions. The remaining misdemeanor convictions are admissible as crimes involving dishonesty or false statement under the rationale of State v. Page, 449 So.2d 813 (Fla. 1984). The supreme court in Page held that prior petit theft convictions are admissible to impeach a defendant without a showing that the prior convictions involved some element of deceit, untruthfulness, or falsification bearing upon the defendant's capacity to testify truthfully. The court stated that "[a]ny misdemeanor, which has as its basis lying, cheating, deceiving, or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes." Id. at 815 (quoting People v. Spates, 77 Ill.2d 193, 204, 32 Ill.Dec. 333, 339, 395 N.E.2d 563, 569 (Ill. 1979)). Mrs. Johnson was convicted under section 832.05(2)(a), Florida Statutes, which provides that
[i]t is unlawful for any person, firm, or corporation to draw, make, utter, issue, or deliver to another any check, draft, or other written order on any bank or depository, or to use a debit card, for the *757 payment of money or its equivalent, knowing at the time of the drawing, making, uttering, issuing, or delivering such check or draft, or at the time of using such debit card, that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation. ...
(Emphasis added). It is apparent from the plain language of the worthless check statute that the crime has deceit as its basis.
The final consideration under section 90.610(1) is whether any of the convictions should be excluded because of being "so remote in time as to have no bearing on the present character of the witness." § 90.610(1)(a). The convictions span from 1979 through 1990. Because the convictions establish a continuing pattern of the same act, we conclude that none of the convictions are so remote as to have no bearing on the present character of Mrs. Johnson. Therefore, we conclude that all the convictions are admissible as impeachment evidence.
Appellees' main argument, however, is that the trial court correctly excluded the convictions because their probative value was substantially outweighed by their unfair prejudicial effect. See § 90.403, Florida Statutes (1989). A trial court's determination under section 90.403 is generally accorded great deference. "Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion." Sims v. Brown, 574 So.2d 131, 133 (Fla. 1991) (quoting Trees v. K-Mart Corp., 467 So.2d 401, 403 (Fla. 4th DCA), review denied, 479 So.2d 119 (Fla. 1985)).
Although the trial court considered a number of factors in its weighing process, none of those factors appreciably weaken the probative value of the forty-odd convictions, and we are unable to determine the "unfair" prejudice in admitting these convictions. This is not a situation where the witness's testimony is cumulative or where it is otherwise of marginal importance. Mrs. Johnson's testimony was critical in establishing the facts surrounding her injuries and the extent of her damages. Because there were no other witnesses to the accident, the appellant's only defense was to undermine the credibility of Mrs. Johnson's testimony. The trial court effectively eliminated that defense by ruling the convictions inadmissible. Under such circumstances, the trial court's refusal to admit the convictions constituted a clear abuse of discretion. Cf. Lewis v. State, 591 So.2d 922 (Fla. 1991) (error to exclude evidence of alleged victim's prior sexual activity with third person where it interfered with defendant's exercise of confrontation rights and deprived him of his defense that the victim had fabricated rape charge to prevent discovery of her sexual activity with third party). As in Lewis, "[w]e cannot conceive of a reasonable juror who would not have received a significantly different impression of the victim's credibility had the proffered [evidence] been allowed." Id. at 926.
Accordingly, we reverse and remand this cause for a new trial.
WOLF and WEBSTER, JJ., concur.