757 So.2d 620 (2000)
Dwayne Erwin HOLMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-311.
District Court of Appeal of Florida, Third District.
May 17, 2000.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
*621 Robert A. Butterworth, Attorney General, and Gary K. Milligan, Assistant Attorney General, for appellee.
Before JORGENSON, GODERICH and RAMIREZ, JJ.
RAMIREZ, J.
Appellant Dwayne Erwin Holmes appeals his conviction and sentence for four counts of sexual battery with a deadly weapon and one count for possession of a firearm by a convicted felon. Because the prosecutor impermissibly impeached a key defense witness when he testified on a crucial, disputed issue and because of improper closing argument, we reverse.
The charges arose from a sexual encounter between Holmes and Bonnie Deimel, an admitted drug addict and prostitute. At trial, the State argued that Holmes forced Deimel to have sex with him at gun point. In turn, Holmes argued that he did not force Deimel to have sex with him and that the gun belonged to Deimel. Although the gun was later recovered, no fingerprints of any value were found. Lamarre Smith, Holmes' friend, testified that a woman who met the general description of Deimel had offered to sell him a gun on the day of the incident. During cross-examination, the prosecutor asked Smith if he had ever been convicted of a felony, to which he responded that he had two prior felony convictions. Even though Smith truthfully admitted his prior convictions, the prosecutor proceeded to tell the jury through a leading question that Smith had previously been convicted of a drug offense and grand theft. Holmes objected to the question and answer and moved for mistrial. The trial court denied Holmes' motion for mistrial and, instead, offered a curative instruction.
The State does not dispute that what the prosecutor did was error. See Charles W. Ehrhardt, Florida Evidence § 610.6 (2000) ("Impeachment-Prior ConvictionsProcedures for Using"). Although the trial court recognized the impropriety, it denied the motion for mistrial. The judge stated that if the prosecutor had asked something about violence the judge might have considered granting the mistrial. But we find that, as a defense witness, Smith's credibility was more important than any propensity he may have had for violence, and, here, the State attacked his credibility by depicting him as a drug dealer and a thief with improperly admitted evidence.
It is clear that the improper identification of the nature of Smith's prior convictions was an attempt by the State to impeach him with inadmissible evidence. Even a conviction for petty theft can be used to impeach a witness. See State v. Page, 449 So.2d 813 (Fla.1984). It is one of the few misdemeanors that can be used to impeach a witness under section 90.610, Florida Statutes (1999). In Page, the Florida Supreme Court stated that: "[i]t is our view that the commission of petit theft... necessarily involves `dishonesty' so as to bring any conviction for such a crime within the scope of subsection 90.610(1)." 449 So.2d at 815. In making its ruling, the Page court quoted from the Illinois Supreme Court, which wrote:
There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath
. . . .
[A]ny misdemeanor, which has as its basis lying, cheating, deceiving or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes.
People v. Spates, 77 Ill.2d 193, 32 Ill.Dec. 333, 395 N.E.2d 563, 569 (1979). In turn, the Illinois Supreme Court quoted from Webster's Third New International Dictionary 650 (1971), which defines "dishonesty" as a "breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding...." Id. (emphasis added). The prosecutor's improper disclosure to the jury that Smith's convictions were for "dishonest" crimes involving theft and drugs, *622 despite Smith's truthful admission of prior convictions, was highly prejudicial to Holmes because Smith's credibility was so important to his case.
We reject the State's argument that the impeachment issue was not preserved for review. The State relies on Ferguson v. State, 417 So.2d 639, 641 (Fla. 1982), in which the court stated that a motion for mistrial "must be made with sufficient specificity to apprise the trial court of the potential error and to preserve the point for appellate review." In this case, the defense instantly objected to the improper impeachment and the court immediately held a side bar at which the motion for a mistrial was denied. This action preserved the issue for review.
Additionally, during the State's closing argument, the prosecutor presented a hypothetical situation which implied that Holmes was guilty. In this hypothetical involving burglary of a car, the defendant testified at trial that he did not burglarize the car. We find that use of such a hypothetical constituted an impermissible comment by the State on Holmes' exercise of his right to remain silent and his failure to testify, see Bain v. State, 552 So.2d 283, 284 (Fla. 4th DCA 1989) (reversing on a similar hypothetical where the defendant explains his behavior), and provides the second basis for our reversal.
Reversed and remanded.