HAZOURI, J.
Robert Ray appeals his conviction and sentence on the charge of burglary of a dwelling. We reverse and remand for a new trial.
Ray was charged by information with burglary in that he did unlawfully enter or remain in a dwelling, or curtilage thereof, at the home of Justin Elkes, with the intent to commit a theft.
On September 21, 2004, Justin Elkes resided in Cooper City, Florida. On the evening of September 21, Elkes was in his back bedroom installing a ceiling fan. While installing the fan, he heard a noise emanating from the garage. The last time Elkes had been in the garage, which was approximately five minutes before he heard the noise, the garage light was on and the garage door was open. Upon hearing the noise, Elkes went into the garage to investigate. There, he found Ray inside the garage. Elkes observed that Ray appeared startled and intoxicated. Elkes made several requests for Ray to leave and Ray rambled unintelligibly about looking for food inside the garage. Ray finally left the garage, walked to the sidewalk, got on his bicycle and rode away.
Elkes walked to the sidewalk to make certain that Ray had left the neighborhood. When he did, he saw one of his tools, a portable circular saw, on the swale beside the sidewalk about three feet from where Ray’s bicycle had been parked. Elkes, who had not placed the saw on the swale, picked the tool up, placed it back inside the garage, and then contacted the Broward Sheriffs Office (BSO) concerning this suspicious activity. After reporting it to the BSO, Elkes drove around the neighborhood looking for Ray and spotted his bicycle inside the carport of a residence about six houses away from his home. The BSO deputy arrived about two or three minutes later and took Ray into custody. When the deputy searched Ray incident to his arrest, no property belonging to Elkes was found on his person.
Ray testified and explained that he had been homeless since 2001 and had been living at an outdoor camp located in the Hollywood, Florida area. On the day in question, Ray rode his bicycle to Cooper City, where he grew up, to look up old friends who still resided there. Ray stopped at an establishment known as Johnny’s Bar to visit with friends he knew would be patronizing the establishment. When he left the bar, he proceeded to his old neighborhood. As he passed Elkes’s house, Ray noticed the light on in the garage, stopped his bicycle and entered the garage. His purpose was to ask the home’s occupants if they could spare a few old cans of food. Once inside the garage, Ray attempted to get the attention of the homeowner by calling out “Hello.” Upon being confronted by Elkes, Ray asked if he had some food to spare, but eventually left the garage when Elkes refused and told him to leave.
*718 Ray asserts that the trial court erred in giving nonstandard jury instructions on burglary that wrongly allowed a conviction based on an intent to commit an offense formed after entry. We agree.
During the jury charge conference, Ray’s counsel objected to the jury being instructed on burglary and using the “remaining in” language. The instruction as read to the jury was:
To prove the crime of burglary, the State must prove the following three elements beyond a reasonable doubt. First, Robert Ray entered or remained in a structure owned by or in.the possession of Justin Elkes.
Second, Robert Ray did not have the permission or consent of Justin Elkes or anyone authorized to act for him to enter or remain in the structure at the time.
Third, at the time of the entering or remaining in the structure, Robert Ray had a fully-formed, conscience [sic] intent to commit the offense of theft in that structure.
At the time of Ray’s offense, September 21, 2004, the burglary statute applicable to him read:
(b) For offenses committed after July 1, 2001, “burglary” means:
1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
a. Surreptitiously, with the intent to commit an offense therein;
b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
c.To commit or attempt to commit a forcible felony, as defined in s. 776.08.
§ 810.02(l)(b), Fla. Stat. (2003). The Standard Jury Instruction in effect and applicable to the above-defined charge states:
13.1 BURGLARY
§ 810.02, Fla.Stat.

Give this statement of the elements if the charge is unlawful entry:

To prove the crime of Burglary, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) entered a [structure][conveyanee] owned by or in the possession of (person alleged).
2. (Defendant) did not have the permission or consent of (person alleged) or anyone authorized to act for [him][her] to enter the [structure] [conveyance] at that time.
3. At the time of entering the [structure][conveyance] (defendant) had a fully-formed, conscious intent to commit the offense of (crime alleged) in that [structure] [conveyance].

Give this statement of the elements if the charge is unlawfully remaining:

To prove the charge of Burglary, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had permission or consent to enter a [structure][conveyance] owned by or in the possession of (person alleged).
2. (Defendant) after entering the [structure] [conveyance] remained therein
Give a, b, or c as applicable
*719 a. surreptitiously and with the fully-formed conscious intent to commit the offense of (crime alleged).
b. after permission to remain had been withdrawn and with the fully-formed conscious intent to commit the offense of (crime alleged).
c. with the fully-formed conscious intent to commit or attempt to commit the offense of (forcible felony alleged).
Fla. Std. Jury Instr. (Crim.) 13.1 (2003).
In Delgado v. State, 776 So.2d 233 (Fla. 2000), the supreme court held that the “remaining in” language of the burglary statute applied only to situations where there was consensual entry and the “remaining in” is done surreptitiously. Id. at 240. After the supreme court rendered its decision in Delgado, the legislature passed section 810.015, Florida Statutes (2001), in which it stated that the decision in Delgado was contrary to the legislative intent and the decision and its progeny were nullified. Effective July 1, 2001, the legislature amended the burglary statute to read as stated above, which clarified the statute after Delgado. The supreme court amended the standard jury instruction to conform to the new statute in In re Standard Jury Instructions in Criminal, 850 So.2d 1272, 1280-81 (Fla.2003).
Over Ray’s objection, the trial court read the instruction in effect for the pre-amendment version of the burglary statute. It is not clear why the court ignored the new version of the instruction. The court did state, “In this case, neither apply as far as the examples because Mr. Ray is alleged to have entered, he had no permission at any time and the question is if it is surreptitious, he had no right to enter or remain in it.” Because it was clear that Ray did not have permission to enter the garage, there was no issue about his surreptitiously remaining in the garage. Therefore, only the first part of the new instruction was applicable. Instructing the jury about remaining in was inapplicable and could have misled the jury as to when Ray had to have formed the intent to commit a crime during the burglary. Under the factual scenario of this case, Ray could be convicted of burglary only if he entered the garage with the intent to commit an offense. The trial court’s erroneous inclusion of the “remaining in” language allowed the jury to convict Ray of burglary even if he did not enter the enclosure with the intent to commit an offense (i.e., forming the intent to commit theft after he entered).
Because we are reversing for a new trial, we address two evidentiary rulings Ray asserts to be erroneous.
First, Ray argues that the trial court abused its discretion in overruling Ray’s objection to speculative testimony concerning what Elkes surmised Ray would do after he left his garage and rode away on his bicycle. When asked by the prosecutor why he decided to look for Ray, Elkes testified over Ray’s objection, that “I figured if my garage was open he was in my garage, nobody watched him, he could go into somebody else’s garage.”
In addition to Ray’s argument that this was pure speculation, he also argues that this was tantamount to the improper admission of collateral crime evidence. We agree. “Evidence of collateral crimes, wrongs, or acts committed by the defendant is admissible if it is relevant to a material fact in issue; such evidence is not admissible where its sole relevance is to prove the character or propensity of the accused.” Czubak v. State, 570 So.2d 925, 928 (Fla.1990). In the instant case, although this testimony only speculates that Ray may be committing another crime, it *720 also does not appear to be relevant to a material fact in issue on the charge against him. Ray was not charged with burglary of a second house. Why Elkes followed Ray is not relevant and the trial court abused its discretion in so finding.
Second, Ray asserts that the trial court abused its discretion in overruling Ray’s objection to the state’s impeachment of Ray’s testimony with his prior burglary convictions. We agree.
Before Ray testified, the state asked the court to take judicial notice of Ray’s eleven prior felony convictions. The trial court agreed and because statements made by Ray had been admitted through the testimony of the state’s witnesses, the jury was told of these convictions without identifying the felonies for which he stood convicted. Such evidence is admissible under section 90.806(1), Florida Statutes (2004), and “should be considered only for the purpose of assessing the defendant’s credibility of statements he made that were related by witnesses, and are not to be considered as proof of guilt for the charged offense.” Werley v. State, 814 So.2d 1159, 1162 (Fla. 1st DCA 2002). Thereafter, when Ray took the stand in his own defense, his counsel elicited the same admission, that Ray had eleven prior felony convictions. Generally, such evidence is admissible to attack the credibility of the witness. See § 90.610(1), Fla. Stat. (2004). During cross-examination by the state, the prosecutor, over objection, elicited that one of Ray’s prior felony convictions was a burglary.
In a criminal prosecution an opposing party cannot impeach the credibility of a witness or a defendant by eliciting testimony concerning the underlying crime of a prior felony conviction so long as the witness does not deny the convictions or fail to admit the correct number of convictions. Holmes v. State, 757 So.2d 620 (Fla. 3d DCA 2000); Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996); Hicks v. State, 666 So.2d 1021 (Fla. 4th DCA 1996); Tampling v. State, 610 So.2d 100 (Fla. 1st DCA 1992).
The state argues that Ray opened the door by testifying that he did not think he was breaking the law by entering the garage without permission. The state asserts that Ray’s statement opened the door to further inquiry about the fact that he had been previously convicted of a burglary. The state does not cite any cases in support of this argument. Ray did not deny his eleven prior convictions. He testified only that he did not think he was breaking the law by going into the open garage without permission. In asking Ray about his prior conviction for burglary, the state went beyond what was permitted. The trial court erred in overruling Ray’s objection.
Because we are reversing and remanding for a new trial, we need not address Ray’s assertion that his sentence as a habitual felony offender violated his Sixth Amendment right or his Fourteenth Amendment right to due process.

Reversed and Remanded for a New Trial.

GUNTHER and MAY, JJ„ concur.