The appellant, Michael Eugene Huffman, was convicted of first degree rape, a violation of § 13A-6-61, Ala. Code 1975, and was sentenced to 16 years' imprisonment. The victim claimed that the appellant raped her in her apartment one night after he had escorted her there from a nightclub. The appellant testified on his own behalf and adamantly denied the charge of rape; he admitted that he and the victim had had sex, but he claimed that it was consensual.
 I
The appellant first contends that what he describes as the physical and verbal "antics" of the prosecutor during defense examination of witnesses was improper and prejudicial and that it denied him his right to a fair trial. He argues that the prosecutor's "moaning, sighing, wringing of hands, gasping and rolling of eyes" undermined and prejudiced his case.
A review of the record indicates that the appellant did not specifically object in the trial court to the prosecutor's conduct. At one point during the trial, the trial court, on its own initiative and outside the presence of the jury, admonished the prosecutor for burying her head in her hands during the examination of the witnesses. However, the appellant himself never objected on the basis that the prosecutor's conduct affected his right to a fair trial. Furthermore, the appellant did not move for a mistrial based on the prosecutor's conduct. Because the appellant did not assert this right in the trial court or allege any prejudice, this issue is not preserved for appeal. "In the absence of a ruling, a request for a ruling, or an objection to the court's failure to rule, this court has nothing to review." Robinson v. State, 441 So.2d 1045, 1048
(Ala.Cr.App. 1983), citing Whorton v. State, 422 So.2d 812
(Ala.Cr.App. 1982).
 II
The appellant next contends that the trial court erred in denying his motions for a mistrial based on testimony introduced at trial regarding sexual harassment complaints against him at his place of employment at that time. Specifically, he contends that the testimony was so prejudicial that it was beyond the curative powers of the trial court's instruction.
At the time of the offense, the appellant was working as a security guard for a security agency owned by Stewart Moody. During the state's examination of Stewart Moody the following occurred:
 "[Prosecutor]: All right. On May 9th, 1995, which I believe was a Tuesday, was he [the appellant] scheduled to work at the Governor's House motel?
"[Mr. Moody]: On the 9th, no, ma'am.
"[Prosecutor]: Why was that?
 "[Mr. Moody: He had worked the night of the 8th and — 7th and 8th. And he was suspended on the day of the 9th for sexual harassment complaints we had received.
"[Appellant's counsel]: Object, Your Honor.
 "THE COURT: Jury will disregard it. Can you disregard it?
"[Appellant's counsel]: Move for a mistrial.
 "THE COURT: Hang on. Start on the back row. Can you disregard that comment?"
(R. 155-56.)
The trial court at this point questioned each juror individually as to his or her ability to disregard Moody's comment. Only after *Page 810 
each juror indicated that he or she could disregard the comment did the trial court deny the motion for a mistrial and instruct the witness to answer only the question asked.
A mistrial should be granted only when manifest necessity is demonstrated. Wadsworth v. State, 439 So.2d 790, 792
(Ala.Cr.App. 1983), cert. denied, 466 U.S. 930, 104 S.Ct. 1716,80 L.Ed.2d 188 (1984). It is clear that " '[a] motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court.' " Register v. State, 640 So.2d 3, 10 (Ala.Cr.App. 1993), aff'd,680 So.2d 225 (Ala. 1994), quoting Henry v. State,468 So.2d 896, 901 (Ala.Cr.App. 1984), cert. denied, 468 So.2d 902 (Ala. 1985). See Stanton v. State, 648 So.2d 638, 643 (Ala.Cr.App. 1994). "The grant or denial of a mistrial is a matter within the sound discretion of the trial court and will only be disturbed upon a showing of manifest abuse." Roundtree v.State, 461 So.2d 31, 33 (Ala.Cr.App. 1984). Furthermore, when the "trial court promptly charges the jury to disregard improper remarks, there is a presumption against error and the prejudicial effects thereof are removed." Parker v. State,549 So.2d 989, 992 (Ala.Cr.App. 1989), quoting Haywood v. State,501 So.2d 515, 519 (Ala.Cr.App. 1986).
Here, the trial court immediately instructed the jury to disregard the comment, polled the jurors as to the prejudicial effect of the remark, and admonished the witness. The trial court specifically stated that "[t]he jury was polled. The Court observed the jury as it was polled. And each juror unhesitatingly said that they could disregard that." (R. 288.) Such actions, combined with affirmative answers from a polling of the jury, provided assurance of the prejudice's eradication. "Where the trial court instructs the jury to disregard an improper statement, carefully evaluates the effect of such a statement upon the jury by polling them individually, and determines the jury's impartiality in spite of the statement, any prejudicial error which might otherwise have occurred is cured." Perry v. State, 371 So.2d 969, 971 (Ala.Cr.App.), cert. denied, 371 So.2d 971 (Ala. 1979); Williams v. State,369 So.2d 910, 912 (Ala.Cr.App. 1979)." Fleming v. State, 470 So.2d 1343,1345 (Ala.Cr.App. 1985), cert. denied, 474 U.S. 857,106 S.Ct. 164, 88 L.Ed.2d 136 (1985), quoting Wood v. State,416 So.2d 794, 800 (Ala.Cr.App. 1982). We find no abuse of discretion in the trial court's denial of the appellant's motion for a mistrial.
The appellant further contends that the trial court erred in denying his motion for a mistrial during the testimony of Ray Moody[1], and by denying his renewed motion for a mistrial based on Stewart Moody's testimony at the close of the state's case. Our review of the record indicates that while Ray Moody's reference to "several complaints" was perhaps prejudicial to the appellant, the testimony was not allowed to develop to the "manifest necessity" required to compel a mistrial. The trial court did not abuse its discretion in not granting a mistrial. See Wadsworth, supra. Additionally, the appellant's renewed motion for a mistrial at the close of the state's case is untimely. "To be timely, a motion for a mistrial must be made 'immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial.' "Allen v. State, 659 So.2d 135, 144 (Ala.Cr.App. 1994), quotingEx parte Marek, 556 So.2d 375, 379 (Ala. 1989).
 III
Finally, the appellant contends that the trial court erred in allowing evidence to be introduced regarding his prior conviction of theft in the third degree, a misdemeanor, because, he says, the conviction was not for a crime involving "dishonesty or false statement," as required by Rule 609(a)(2), Ala.R.Evid.[2], and because, he says, the state did not provide him with prior notice of its intention to offer such evidence. *Page 811 
The evidence in question was introduced during the state's cross-examination of the appellant:
 "[Prosecutor]: Sir, isn't it true, sir, that you have been convicted of theft of property in the third degree?
"[Appellant's Counsel]: Your Honor, I object.
"THE COURT: What's your objection?
 "[Appellant's Counsel]: The objection is that this is, if anything, it's a misdemeanor. It has nothing to do with this case.
"THE COURT: Sustained.
 "[Appellant's Counsel]: It's irrelevant. I move for a mistrial.
 "THE COURT: Jury disregard it. I'm not going to grant your motion for a mistrial.
 "[Prosecutor]: Your Honor, this is impeachment evidence. It goes to his credibility. It's under —
"THE COURT: Tell me where it is.
"[Prosecutor]: [Ala.R.Evid.] 609.
"THE COURT: Yes, ma'am. Where under 609?
 "[Prosecutor]: It's hard to do the subsections. Here it is right here. If I may point to it. Extended now to misdemeanors if it goes to dishonesty, which is theft. New rule.
 "THE COURT: I know what you're talking about. Let me see y'all for a second.
 "(An off-the-record discussion was held and the following occurred in open court:)
"THE COURT: Overrule the objection.
 "[Prosecutor]: Isn't it true, sir, that you were convicted of theft of property in the third degree on March 19th, 1990, in Montgomery County and were sentenced to 12 months' probation?
"[Appellant]: Yes, ma'am."
(R. 350-51.)
 A
The appellant argues that, for purposes of Rule 609(a)(2), theft is not a crime involving "dishonesty or false statement."
Rule 609, which addresses the admission of evidence of prior convictions for impeachment purposes, provides as follows:
 "(a) General rule. For the purpose of attacking the credibility of a witness,
 "(1)(A) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and
 "(1)(B) evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[3]; and
 "(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."
(Emphasis added.)
The Advisory Committee's Notes to Rule 609(a) state:
 "Section (a). General rule. The preexisting Alabama statutory provision authorizing impeachment by evidence showing conviction for a crime involving moral turpitude, Ala. Code 1975, § 12-21-162(b), has been superseded by Rule 609.
 "Under Rule 609, there will be alternative tests: one based upon the seriousness of the crime, met only if the crime was punishable by death or imprisonment in excess of one year, and the other based upon whether the crime involved dishonesty or false statement. This rule is based upon Federal Rule of Evidence 609(a) as amended January 26, 1990, effective December 1, 1990. The special balancing test *Page 812 
embodied in Rule 609(a)(1)(B) is to be applied only to the criminal defendant who testifies in the criminal case in which he or she is being prosecuted.
 "Crimes involving 'dishonesty or false statement,' as indicated in the report of the Senate Committee on the Judiciary during the process of adopting the corresponding Federal Rule 609, include crimes 'such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit, or falsification bearing on the accused's propensity to testify truthfully.' Senate Comm. on Judiciary, Fed. Rules of Evidence, S.Rep. No. 1277, 93d Cong., 2d Sess., 14 (1974).
 "This rule makes no distinction with regard to the court in which the conviction arises or with regard to the law that establishes the crime. Consequently, contrary to preexisting Alabama law, a conviction is usable even if it occurred in the municipal court or is for a crime that constitutes a violation of a municipal ordinance. Contra Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967); Muse v. State, 29 Ala. App. 271, 196 So. 148, cert. denied, 239 Ala. 557, 196 So. 151 (1940)."
(Emphasis added.)
Before the adoption of the Alabama Rules of Evidence, evidence of a conviction for theft was admissible to impeach the credibility of a witness so convicted because theft is considered a crime of "moral turpitude" in Alabama. Ex parteMcIntosh, 443 So.2d 1283 (Ala. 1983). See also Matthews v.State, 51 Ala. App. 417, 419, 286 So.2d 91 (1973); Clemons v.Clemons, 627 So.2d 431 (Ala.Civ.App. 1993); § 12-21-162, Ala. Code 1975. However, this court has not addressed whether theft is a crime involving "dishonesty or false statement" so that evidence of a conviction for theft would be admissible under Rule 609(a)(2); this is an issue of first impression.
In McElroy's Alabama Evidence, Professor Charles Gamble anticipates the question of how Alabama courts will interpret the phrase "dishonesty or false statement" under the new rule. Professor Gamble states:
 "The phrase 'dishonesty or false statement' generally has been given a narrow interpretation such as to include only crimes that carry some element of deceit, untruthfulness or falsification bearing on the witness's propensity to testify untruthfully. In light of this interpretation, such would quite clearly include crimes, among others, such as embezzlement, perjury, subornation of perjury, false statement, criminal fraud, false pretense, forgery, worthless check violations, failure to file tax returns, counterfeiting and bribery.
 "The uncertainty in this area arises with regard to convictions for crimes of theft and violence. A number of courts addressing the issue hold that violent crimes, such as robbery, generally do not involve dishonesty or false statement. Some courts conclude that theft crimes, such as burglary or larceny, do not involve dishonesty or false statements. This issue will have to be decided on a case-by-case basis after Alabama's adoption of the Alabama Rules of Evidence. If Alabama courts accept the narrow interpretation of dishonesty and false statement then many crimes that were usable to impeach under the historic moral turpitude test would not qualify under Rule 609(a)(2). In contrast, however, Alabama courts could follow the lead of other courts which have placed additional emphasis upon the term 'dishonesty' as opposed to focusing entirely upon 'false statement.' Preexisting Alabama decisions have long used the term 'dishonesty' as a trait for testing whether crimes satisfy the historic moral turpitude test. Should the courts deem this line of cases controlling post-rules then convictions for the following crimes could continue usable for impeachment: murder, robbery, rape, burglary and larceny. Even if the narrow interpretation is adopted, and these crimes of violence and theft are held not to involve dishonesty or false statement per se, they could yet be found usable by following the lead of those courts which have been willing to look beyond the formal elements of the crime to the underlying facts to determine whether the crime was committed *Page 813 
under circumstances of deceit, untruthfulness or falsification."
C. Gamble, McElroy's Alabama Evidence, § 145.01(9) at 675-76 (5th ed. 1996) (footnotes omitted).
Although there were several major changes in Alabama's substantive evidentiary law as a result of the adoption of the Alabama Rules of Evidence, it is our view that the commission of theft necessarily involves "dishonesty" so as to bring a conviction for that offense within the scope of Rule 609(a)(2), Ala.R.Evid. We recognize that this interpretation of the rule differs from the construction by federal courts of identical language contained in Fed.R.Evid. 609(a)(2). Indeed, there is caselaw from every federal circuit narrowly construing Fed.R.Evid. 609(a)(2) to encompass only those crimes in the nature of crimen falsi, which, in the strictest sense of that term, are limited to those crimes involving untruthfulness, deceitfulness, or false statements, or representations that tend to reflect on the accused's propensity to speak the truth. See, e.g., Linskey v. Hecker, 753 F.2d 199 (1st Cir. 1985);United States v. Hawley, 554 F.2d 50 (2d Cir. 1977); Governmentof the Virgin Islands v. Toto, 529 F.2d 278 (3d Cir. 1976);United States v. Cunningham, 638 F.2d 696 (4th Cir. 1981);Howard v. Gonzales, 658 F.2d 352 (5th Cir. 1981); McHenry v.Chadwick, 896 F.2d 184 (6th Cir. 1990); United States v. Papia,560 F.2d 827 (7th Cir. 1977); United States v. Yeo,739 F.2d 385 (8th Cir. 1984); United States v. Ortega, 561 F.2d 803 (9th Cir. 1977); United States v. Seamster, 568 F.2d 188 (10th Cir. 1978); United States v. Farmer, 923 F.2d 1557 (11th Cir. 1991). However, we are convinced that our position — that theft is a crime involving "dishonesty" — is the more logical one, not only because it is consistent with Alabama's prior substantive law, but because it has been followed, although admittedly in fewer cases, in other jurisdictions. Common sense, as well, leads us to our interpretation.
The Advisory Committee's Notes to Rule 102, Ala.R.Evid., state:
 "These rules have been modeled, except where a different treatment was deemed justified for Alabama practice, after the Federal Rules of Evidence, and much of the material in the advisory notes is devoted to a discussion of whether the Alabama Rule of Evidence is identical to or different from its counterpart under the Federal Rules of Evidence. The committee assumes, consequently, that cases interpreting the Federal Rules of Evidence will constitute authority for construction of the Alabama Rules of Evidence."
While it is certainly wise to look to federal authority for guidance in applying the new rules of evidence, the federal interpretations are not necessarily binding on this court. Several states that have modeled their rules of evidence after the federal rules have not followed the federal majority view on this issue where to do so would change the state's substantive law. See, e.g., State v. Page, 449 So.2d 813 (Fla. 1984); People v. Spates, 77 Ill.2d 193, 204, 32 Ill.Dec. 333,339, 395 N.E.2d 563, 569 (1979). Moreover, even the federal courts have taken inconsistent positions when construing the rule. See United States v. Brown, 603 F.2d 1022 (1st Cir. 1979); United States v. Bianco, 419 F. Supp. 507 (E. D. Pa. 199), aff'd, 547 F.2d 1164 (3d Cir. 1977).
In Ex parte McIntosh, supra, the Alabama Supreme Court listed murder, rape, burglary, robbery, and larceny as "[a]mong those crimes that rise to such a level as to permanently cast doubt on the truthfulness and veracity of those who commit them."443 So.2d at 1285. We do not see how a crime can cast a permanent doubt upon one's truthfulness under the "moral turpitude" standard and yet not involve dishonesty or false statement under the Alabama Rules of Evidence. We find that the narrow interpretation of "dishonesty" in federal cases construing Rule 609(a)(2) beggars common sense. Clearly, the crime of theft involves deceit and would directly bear on the ability of the person convicted of the offense to testify truthfully.
As the Court of Appeals for the First Circuit stated when construing Rule 609 in Brown, supra:
 "Burglary and petit larceny have a definite bearing on honesty which is directly related to credibility. 'In common human experience acts of deceit, fraud, cheating, or *Page 814 
stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Gordon v. United States, 127 U.S.App. D.C. 343, 347, 383 F.2d 936, 940 (1967).' "
603 F.2d at 1029.
Likewise, we wholeheartedly agree with the Florida Supreme Court's observations when it was called on to construe Florida's version of Rule 609 in Page, supra:
 "It is our view that the commission of petit theft, or any other offense falling within the scope of chapter 812, Florida Statutes (1981) [dealing with 'Theft, Robbery, and Related Crimes'], necessarily involves 'dishonesty' so as to bring any conviction for such a crime within the scope of subsection 90.610(1) [Florida's version of Rule 609]. We realize that our interpretation of the statute differs from the federal construction of identical language contained in federal rule 609. We are also aware that the position we take has been labelled the 'minority view.' See C. Ehrhardt Florida Evidence, § 610.1 at 88 (Supp. 1982). But we are convinced that our interpretation is the more logical one, and we are not alone. The Illinois Supreme Court, in construing federal rule 609, which it had expressly adopted, stated:
 " 'There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath. . . .
 " '. . . [A]ny misdemeanor, which has as its basis lying, cheating, deceiving, or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes.
 "People v. Spates, 77 Ill.2d 193, 204, 32 Ill.Dec. 333, 339, 395 N.E.2d 563, 569 (1979).
 "As the state has pointed out, subsection 90.610(1) refers to crimes involving 'dishonesty or false statement.' To restrict the rule's application only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain meaning of the word 'dishonesty.' In Spates, the Supreme Court of Illinois pointed out that Webster's Third New International Dictionary 650 (1971) defines 'dishonesty' as a 'breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding. . . .' Id. at 203, 32 Ill.Dec. at 338, 395 N.E.2d at 568."
449 So.2d at 815, 816 (emphasis added in Page) (footnote omitted).
Based on the foregoing, we hold that for purposes of Rule 609(a)(2) theft is a crime involving "dishonesty" and bears directly on the capacity of a witness convicted of that offense to testify truthfully at trial.
 B
The appellant maintains that the trial court erred in allowing the state to introduce evidence of his conviction for third degree theft because, he says, the state did not give him notice of its intent to introduce the evidence. He argues that Rule 404(b), Ala.R.Evid., requires such notice. Rule 404(b) provides that "[e]vidence of other crimes wrongs, or acts . . . may . . . be admissible . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request bythe accused, the prosecution in a criminal case shall providereasonable notice in advance of trial, or during trial if thecourt excuses pretrial notice on good cause shown, of thegeneral nature of any such evidence it intents to introduce attrial." (Emphasis added.) The appellant's claim was not raised at trial and is therefore not preserved for appellate review. Further, the appellant did not make a specific pretrial request for the state to provide notice of any prior convictions that it intended to introduce in evidence at trial. Finally, the state offered the appellant's theft conviction for purposes of impeachment under Rule 609(a)(2) and not for the purposes enumerated in Rule 404(b). Rule 609(a)(2) does not have an advance notice requirement unless the conviction sought to be offered is more than 10 years old, which was not the case here. See Rule 609(b). Evidence of the appellant's conviction for third degree theft was properly admitted. *Page 815 
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.
[1] Ray Moody is the brother of Stewart Moody. He is also an employee of the security agency.
[2] The Alabama Rules of Evidence were effective January 1, 1996; the appellant was tried in February 1996.
[3] Clearly, third degree theft, a Class A misdemeanor punishable by no more than a year in prison, does not satisfy the "severity" provision of Rule 609(a)(1)(A) and therefore would not be admissible under this section of Rule 609.