The appellant, Douglas Sullivan, was convicted of the unlawful distribution of a controlled substance, i.e., cocaine, a violation of § 13A-12-211(a), Ala. Code 1975. He was sentenced to 10 years' imprisonment, enhanced by an additional 5 years' imprisonment under § 13A-12-270, Ala. Code 1975 (sale within a 3-mile radius of a public housing project), and by and additional 5 years' imprisonment under § 13A-12-250, Ala. Code 1975 (sale within a 3-mile radius of a school). Sullivan raises two issues on appeal; however, because of our disposition of this case, we need address only one of those issues.
Sullivan contends that the trial court committed reversible error when it permitted the prosecutor to impeach him by cross-examining him regarding a prior misdemeanor conviction for second-degree possession of marijuana. He argues that evidence of the prior conviction was inadmissible for impeachment purposes under Rule 609, Ala.R.Evid., because it was not a felony conviction and it was not for a crime involving dishonesty or false statement. In addition, he argues that the trial court's subsequent curative instruction, given at the close of all the evidence, came too late and was insufficient to cure the prejudicial effect of the improperly admitted evidence.
During the cross-examination of Sullivan, the following exchange took place:
 "[Prosecutor]: Have you got in any trouble concerning drugs prior to this?
"[Defense counsel]: Objection.
"[Sullivan]: No.
"[The Court]: Overruled.
"[Prosecutor]: No?
"[Sullivan]: No.
 "[Prosecutor]: Never? You weren't arrested in Jefferson County and appeared before the Jefferson County Court on May 11, 1995?
"[Defense counsel]: Objection.
"[The Court]: Sustained.
"(bench conference)
 "[Prosecutor]: He has a prior conviction for marijuana second in Jefferson County.
"[The Court]: Oh, he has a conviction?
"[Prosecutor]: Yes, sir.
"[Defense counsel]: That's a misdemeanor.
 "[Prosecutor]: It doesn't matter, it goes to credibility, it's a crime of moral turpitude.
"[Defense counsel]: Marijuana?
"[Prosecutor]: It doesn't matter. It's related, it's drugs.
"[The Court]: Okay. Go ahead
"(end of bench conference)
 "[Prosecutor]: Let me show you what I'll mark as State's exhibit number 6, which I'll represent to you to be a certified copy of conviction for possession of marijuana in Jefferson County Court on May 11, 1995. Are you disputing that's you?
"[Sullivan]: Yes. They threw it out as a misdemeanor. *Page 204 
"[Prosecutor]: They threw it out?
"[Sullivan]: Misdemeanor.
"[Prosecutor]: That's a misdemeanor conviction.
"[Sullivan]: Uh-huh.
"[Prosecutor]: For marijuana second?
"[Sullivan]: (nods in affirmative) They threw it out.
 "[Prosecutor]: They threw it out? Then why does it say here, so you don't have any explanation why you were sentenced and found guilty?
"[Defense counsel]: Judge, I renew my objection on this.
 "[Prosecutor]: Move into evidence, Your Honor, State's exhibit number 6, a certified copy.
"[The Court]: Denied for the present."
(R. 98-100.) After the cross-examination of Sullivan was concluded, Sullivan called one witness to testify on his behalf. At the close of all the evidence, Sullivan moved for a mistrial on the ground that his prior misdemeanor conviction was inadmissible. The trial court denied the motion, but gave a curative instruction to the jury to disregard the evidence relating to Sullivan's prior conviction.
Sullivan contends that the trial court erred in permitting the prosecutor to impeach him with evidence of his prior conviction for possession of marijuana in the second degree. He argues that even though the certified copy of the conviction was not admitted into evidence, "the stigma of the conviction" was in the minds of the jurors, and that no curative instruction could wipe the slate clean. (Sullivan's brief at p. 6.)
Rule 609, Ala.R.Evid, which addresses the admission of evidence of prior convictions for impeachment purposes, provides in pertinent part:
 "(a) General Rule. For the purpose of attacking the credibility of a witness,
 "(1)(A) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and
 "(1)(B) evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
 "(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."
Rule 609 permits only felonies (i.e., crimes punishable by imprisonment in excess of one year) or crimes involving dishonesty or false statement to be used for impeachment. We note that this rule is a departure from preexisting Alabama law. Formerly, § 12-21-162(b), Ala. Code 1975, permitted impeachment by prior conviction when the prior conviction was for a crime involving "moral turpitude." However, on the effective date of the Alabama Rules of Evidence, January 1, 1996, Rule 609 superseded § 12-21-162(b) and the "moral turpitude" standard. Thus, whether possession of marijuana in the second degree is a crime of "moral turpitude," as the prosecutor argued at trial, is not determinative of the admissibility of evidence of a conviction for that offense for impeachment purposes. The question is whether second-degree possession of marijuana, a misdemeanor, is a crime involving "dishonesty or false statement," as that term is used in Rule 609(a)(2), Ala.R.Evid.
We recognize that this court, when called upon to construe Rule 609(a)(2), Ala.R.Evid., has more broadly interpreted the phrase "dishonesty or false statement" than the majority of federal courts interpreting that phrase as it is used in Rule609(a)(2) of the Federal Rules of Evidence, upon which Rule 609(a)(2), Ala.R.Evid., is modeled. See Huffman v. State,706 So.2d 808, 814 (Ala.Crim.App. 1997) (holding that *Page 205 
theft of property in the third degree, a misdemeanor, is a crime involving "dishonesty" for purposes of Rule 609(a)(2), Ala.R.Evid., and that evidence of a conviction for that offense is therefore admissible for impeachment purposes). However, even under this broader view, we do not believe that second-degree possession of marijuana can be considered a crime involving "dishonesty or false statement," as that term is used in Rule 609(a)(2), Ala.R.Evid. Second-degree possession of marijuana is defined as "possess[ing] marijuana for . . . personal use only." §13A-12-214(a), Ala. Code 1975. Such a crime does not involve an element of deceit or dishonesty "that would directly bear on the ability of the person convicted of the offense to testify truthfully." Huffman, 706 So.2d at 813. Accordingly, second-degree possession of marijuana is not a crime involving "dishonesty or false statement." Therefore, evidence of Sullivan's prior conviction for second-degree possession of marijuana was inadmissible to impeach Sullivan. Because there was no other reason for which the prior conviction was admissible, its admission was error.
Moreover, we cannot say that the erroneous admission of evidence of Sullivan's prior conviction was harmless. The trial court's error in permitting the prosecutor to pursue the above-quoted line of questioning was not "cured" by the subsequent curative instruction. After the defense rested its case, and after a recess, the trial court gave the following curative instruction to the jury.
 "Ladies and gentlemen of the jury, before we broke there was some evidence that was admitted that should not have been admitted and that was with regard to a conviction of a misdemeanor for possession of marijuana in Jefferson County. And I'm instructing you now that you're to disregard that evidence that you heard then. Is there anyone who cannot disregard the evidence that was presented with regard to the — a conviction for possession of marijuana? So, I assume that everybody can put that out of their mind when they deliberate. All right. Thank you."
(R. 104-05.) This curative instruction came too late — after Sullivan had called another witness on his behalf and had then rested his case — and was insufficient to eradicate the prejudicial nature of the evidence of Sullivan's prior conviction.
In Ex parte Sparks, [Ms. 1970812, November 20, 1998]730 So.2d 113, 115 (Ala. 1998), the Alabama Supreme Court stated:
 "Given the highly prejudicial nature of evidence of a defendant's prior arrests and convictions, especially when the defendant is questioned about having previously been convicted of the same offense for which he is then being tried, it is difficult to expect that a jury could, even in all earnestness, completely disregard the prosecutor's improper questioning in reaching its verdict. There are some errors that simply cannot be corrected with a mere corrective instruction to the jury:
 "`"[D]espite a corrective instruction, once such statements are made, the damage is hard to undo: `Otherwise stated, one "cannot unring a bell"; "after the thrust of the saber it is difficult to say forget the wound"; and finally, "if you throw a skunk into the jury box, you can't instruct the jury not to smell it.' Dunn v. United States, 307 F.2d 883, 886 (5th Cir. 1962).'"
Quoting Quinlivan v. State, 579 So.2d 1386, 1389 (Ala.Crim.App.), writ quashed, 596 So.2d 658 (Ala. 1991) (quoting in turn UnitedStates v. Garza, 608 F.2d 659, 666 (5th Cir. 1979)).
Here, although Sullivan's prior conviction the State sought to introduce was not for the same offense for which he was being tried, the prior offense was similar in nature to the present offense: both were crimes involving illegal drugs. In addition, it appears from the prosecutor's statement to the trial court during the *Page 206 
bench conference — "It doesn't matter. It's related, it's drugs" — that the prosecutor, by introducing evidence that Sullivan had previously been convicted of another crime involving drugs, was seeking to suggest to the jurors that Sullivan was more likely to have committed the drug offense for which he was being tried. This is exactly what the exclusionary rule is meant to prevent. "[T]his court cannot condone a prosecutor's attempt to elicit testimony about a defendant's prior convictions in violation of the general exclusionary rule against such evidence." Ex parte Sparks, 730 So.2d at 115.
The trial court erred in permitting the State to cross-examine Sullivan concerning his prior misdemeanor conviction for possession of marijuana in the second degree. Given the similar nature of the past offense and the present offense, the error was highly prejudicial to Sullivan's case, could not be cured, and denied Sullivan a fair trial. Therefore, the judgment of the trial court is reversed and the cause remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.