PARKER, Justice.
Dionntez Byner petitioned this Court for a writ of certiorari to review the Alabama Court of Criminal Appeals' decision affirming the Jefferson Circuit Court's dismissal of Byner's petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P. See Byner v. State, 268 So. 3d 629 (Ala. Crim. App. 2017) (table). In his petition, Byner challenged his 2015 convictions for one count of robbery in the first degree, see § 13A-8-41, Ala. Code 1975, and one count of obstructing justice using a false identity, see § 13A-8-194, Ala. Code 1975. We issued the writ of certiorari in order to determine as an issue of first impression whether robbery is a crime involving "dishonesty or false statement" for purposes of Rule 609(a)(2), Ala. R. Evid., thereby rendering evidence of a conviction for robbery admissible for impeachment purposes. We hold that robbery is a crime involving "dishonesty or false statement" and that a prior robbery conviction is admissible for impeachment purposes under Rule 609(a)(2). Accordingly, we affirm the Court of Criminal Appeals' judgment.
Facts and Procedural History
The facts in this case are undisputed. On February 17, 2015, Byner was convicted in the circuit court of robbery in the first *1163 degree and of obstructing justice using a false identity. Byner was sentenced as a habitual felony offender to concurrent terms of 360 months' imprisonment for his robbery conviction and 120 months' imprisonment for his obstruction-of-justice conviction.
At trial, Byner testified on his own behalf. Byner testified that he and the victim had staged the robbery because the victim owed money to a drug dealer and needed an excuse for his failure to pay the debt. The State then cross-examined Byner about two prior robbery convictions -- a first-degree robbery conviction in October 2000 and a third-degree robbery conviction in July 2001. The Court of Criminal Appeals affirmed Byner's convictions and sentences on direct appeal. See Byner v. State, 219 So.3d 722 (Ala. Crim. App. 2015).
On April 14, 2016, Byner filed the instant Rule 32 petition, his first, alleging that he had been denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Specifically, Byner argued that his trial counsel had failed to object to the State's cross-examination of Byner regarding his two prior robbery convictions and that his failure to do so constituted ineffective assistance of counsel. The circuit court summarily dismissed Byner's Rule 32 petition on June 21, 2017.
On December 8, 2017, the Court of Criminal Appeals affirmed the circuit court's dismissal of Byner's Rule 32 petition by an unpublished memorandum. See Byner v. State, 268 So. 3d 629 (Ala. Crim. App. 2017) (table). Byner petitioned this Court for a writ of certiorari, and this Court issued the writ to review as a material question of first impression whether robbery is a crime involving "dishonesty or false statement" for purposes of Rule 609(a)(2) so as to make evidence of a robbery conviction admissible for impeachment purposes.
Standard of Review
" ' "[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).' Ex parte Clemons, 55 So.3d 348, 350 (Ala. 2007)."
Ex parte Carruth, 21 So.3d 770, 772 (Ala. 2009).
Discussion
Byner claims that he was deprived of effective assistance of counsel when his trial counsel failed to object to evidence of Byner's two prior robbery convictions. In order to prove that his counsel was ineffective in that regard, Byner must demonstrate that an objection to the admission of evidence of Byner's prior robbery convictions would have been sustained. Therefore, the issue before us is whether evidence of a prior robbery conviction is automatically admissible for impeachment purposes under Rule 609(a)(2).
In his brief before this Court, Byner contends that "robbery is not a crime involving crimen falsi and thus should not be automatically admissible under Rule 609(a)(2) of the Alabama Rules of Evidence." Byner's brief, at p. 2. Instead, Byner contends that evidence of the two prior robbery convictions is admissible only if its probative value outweighs any prejudicial effect under the balancing test set forth in Rule 609(a)(1), Ala. R. Evid., allowing evidence of such a conviction "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Byner's brief, at pp. 4-5. The State contends, on the other hand, that "robbery is a crime *1164 of dishonesty and is thus admissible for impeachment under Rule 609 of the Alabama Rules of Evidence." State's brief, at p. 11.
The relevant portions of Rule 609 state:
"(a) General Rule. For the purpose of attacking the credibility of a witness,
"....
"(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."
Although this Court has never addressed the issue whether robbery is a crime involving dishonesty or false statement for purposes of Rule 609(a)(2), the Court of Criminal Appeals has interpreted Rule 609(a)(2) with regard to the admissibility of evidence of convictions for other crimes. In Huffman v. State, 706 So.2d 808 (Ala. Crim. App. 1997), the Court of Criminal Appeals held that theft is a crime involving dishonesty for purposes of Rule 609(a)(2). In reaching its conclusion, the Huffman court relied on the following passage from McElroy's Alabama Evidence, in which Professor Gamble explained the then newly adopted Rule 609(a)(2) :
"The phrase 'dishonesty or false statement' generally has been given a narrow interpretation such as to include only crimes that carry some element of deceit, untruthfulness or falsification bearing on the witness' propensity to testify untruthfully. In light of this interpretation, such would quite clearly include crimes, among others, such as embezzlement, perjury, subornation of perjury, false statement, criminal fraud, false pretense, forgery, worthless check violations, failure to file tax returns, counterfeiting and bribery.
"The uncertainty in this area arises with regard to convictions for crimes of theft and violence. A number of courts addressing the issue hold that violent crimes, such as robbery, generally do not involve dishonesty or false statement. Some courts conclude that theft crimes, such as burglary or larceny, do not involve dishonesty or false statements. This issue will have to be decided on a case-by-case basis after Alabama's adoption of the Alabama Rules of Evidence. If Alabama courts accept the narrow interpretation of dishonesty and false statement then many crimes that were usable to impeach under the historic moral turpitude test would not qualify under Rule 609(a)(2). In contrast, however, Alabama courts could follow the lead of other courts which have placed additional emphasis upon the term 'dishonesty' as opposed to focusing entirely upon 'false statement.' Preexisting Alabama decisions have long used the term 'dishonesty' as a trait for testing whether crimes satisfy the historic moral turpitude test. Should the courts deem this line of cases controlling post-rules then convictions for the following crimes could continue usable for impeachment: murder, robbery, rape, burglary and larceny. Even if the narrow interpretation is adopted, and these crimes of violence and theft are held not to involve dishonesty or false statement per se, they could yet be found usable by following the lead of those courts which have been willing to look beyond the formal elements of the crime to the underlying facts to determine whether the crime was committed under circumstances of deceit, untruthfulness or falsification."
C. Gamble, McElroy's Alabama Evidence § 145.01(9) at 675-76 (5th ed. 1996)(footnotes *1165 omitted; emphasis added).[1]
In Huffman, one of the first cases applying the Alabama Rules of Evidence, the Court of Criminal Appeals declined to adopt the narrow interpretation of dishonesty set forth in federal decisions interpreting the federal version of Rule 609(a)(2). Instead, the Huffman court followed Alabama's own pre-rules precedent regarding dishonesty as a test for determining whether a crime was one "involving moral turpitude" under § 12-21-162, Ala. Code 1975. The Huffman court stated:
"In Ex parte McIntosh, [443 So.2d 1283 (Ala. 1983) ], the Alabama Supreme Court listed murder, rape, burglary, robbery, and larceny as '[a]mong those crimes that rise to such a level as to permanently cast doubt on the truthfulness and veracity of those who commit them.' 443 So.2d at 1285. We do not see how a crime can cast a permanent doubt upon one's truthfulness under the 'moral turpitude' standard and yet not involve dishonesty or false statement under the Alabama Rules of Evidence. We find that the narrow interpretation of 'dishonesty' in federal cases construing Rule 609(a)(2) beggars common sense. Clearly, the crime of theft involves deceit and would directly bear on the ability of the person convicted of the offense to testify truthfully."
706 So.2d at 813 (emphasis added).
The Huffman court followed the lead of other courts in placing greater emphasis on whether violent crimes involved "dishonesty" rather than focusing solely on whether such crimes involved "false statements." Specifically, the Huffman court adopted the Florida Supreme Court's broader interpretation of "dishonesty" in Florida's version of Rule 609(a)(2) set forth in State v. Page, 449 So.2d 813 (Fla. 1984). The Huffman court stated:
"[W]e wholeheartedly agree with the Florida Supreme Court's observations when it was called on to construe Florida's version of Rule 609 in [ State v. Page, 449 So.2d 813, 815-16 (Fla. 1984) ]:
" 'It is our view that the commission of petit theft, or any other offense falling within the scope of chapter 812, Florida Statutes (1981) [dealing with "Theft, Robbery, and Related Crimes"], necessarily involves "dishonesty" so as to bring any conviction for such a crime within the scope of subsection 90.610(1) [Florida's version of Rule 609 ]. We realize that our interpretation of the statute differs from the federal construction of identical language contained in federal rule 609. We are also aware that the position we take has been labelled the "minority view." See C. Ehrhardt Florida Evidence, § 610.1 at 88 (Supp. 1982). But we are convinced that our interpretation is the more logical one, and we are not alone. The Illinois Supreme Court, in construing federal rule 609, which it had expressly adopted, stated:
" ' "There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath....
" ' "... [A]ny misdemeanor, which has as its basis lying, cheating, deceiving, or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes."
*1166 " ' People v. Spates, 77 Ill. 2d 193, 204, 32 Ill.Dec. 333, 339, 395 N.E.2d 563, 569 (1979).
" 'As the state has pointed out, subsection 90.610(1) refers to crimes involving "dishonesty or false statement." To restrict the rule's application only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain meaning of the word "dishonesty." In Spates, the Supreme Court of Illinois pointed out that Webster's Third New International Dictionary 650 (1971) defines "dishonesty" as a "breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding...." Id. at 203, 32 Ill.Dec. at 338, 395 N.E.2d at 568.'
" 449 So.2d at 815, 816 (emphasis added in Page ) (footnote omitted).
"Based on the foregoing, we hold that for purposes of Rule 609(a)(2) theft is a crime involving 'dishonesty' and bears directly on the capacity of a witness convicted of that offense to testify truthfully at trial."
706 So.2d at 814.
The 2009 revision of McElroy's Alabama Evidence further explains the effect of Huffman on the interpretation of Rule 609(a)(2) :
"[T]he Alabama Court of Criminal Appeals, speaking in Huffman v. State, chose to embrace a broader interpretation of 'dishonesty or false statement,' which places equal emphasis upon the term 'dishonesty.' Under this broader interpretation, the Huffman court gave the Rule 609(a)(2) term 'dishonesty' its dictionary meaning as a 'breach of honesty or trust, as lying, deceiving, cheating, stealing or defrauding....'). A qualifying crime, under Huffman's broader interpretation, is one which involves dishonesty thusly defined and 'bears directly on the capacity of a witness ... to testify truthfully at trial.' Although the conviction held qualified for impeachment under Rule 609(a)(2) in Huffman was for the crime of theft, it seems that this broader interpretation would be satisfied by all property crimes such as burglary, robbery and larceny."
__________
"It now appears post- Huffman that there are two kinds of crimes the conviction of which qualify for impeachment under Rule 609(a)(2)'s 'dishonesty or false statement.' First, there are those satisfying the narrow interpretation which requires some element of fraud, deceit or misrepresentation. These include crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement or false pretense. Second, there are those crimes, illustrated by burglary, robbery and larceny, which satisfy the broader Huffman interpretation and involve 'dishonesty (meaning breach of honesty or trust, as lying, deceiving, cheating, stealing or defrauding) and bear(s) directly on the capacity of a witness ... to testify truthfully at trial.' "
C. Gamble and R. Goodwin, McElroy's Alabama Evidence § 145.01(7)(c) and (d) at 871-72 (6th ed. 2009) (footnotes omitted; emphasis added). See also McElroy's Alabama Evidence § 145.01(9)(m).
Thus, in order to determine whether robbery is a crime involving dishonesty under the test set forth in Huffman, we must determine whether robbery "bears directly on the capacity of a witness convicted of that offense to testify truthfully at trial." Huffman, 706 So.2d at 814.
Robbery in the third degree is defined in § 13A-8-43, Ala. Code 1975, as follows:
*1167 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with the intent to overcome his physical resistance or physical power of resistance; or
"(2) Threatens the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with the property."
(Emphasis added.)
Robbery, as defined in Alabama, is "theft plus the element of force or threat of force." Ramsey v. State, 441 So.2d 1065, 1067 (Ala. Crim. App. 1983) (emphasis added). Accordingly, theft has been held to be a lesser-included offense of robbery, both for purposes of allowing a defendant charged with robbery to be convicted of theft, see Franklin v. State, 854 So.2d 153, 155 (Ala. Crim. App. 2002), and Bailey v. State, 466 So.2d 176, 179 (Ala. Crim. App. 1985), and of prohibiting convictions for both robbery and theft based on a single transaction because of double-jeopardy considerations, see Lynch v. State, 229 So.3d 260, 268 (Ala. Crim. App. 2016) ; Branum v. State, 623 So.2d 348 (Ala. Crim. App. 1992) ; and Connolly v. State, 539 So.2d 436, 441-43 (Ala. Crim. App. 1988).
A lesser-included offense is defined in § 13A-1-9, Ala. Code 1975, as follows:
"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by the same or fewer than all the facts required to establish the commission of the offense charged ...."
The Commentary to § 13A-1-9 explains:
"(1) Subdivision (a)(1) provides that a lesser offense is necessarily included in a charge of the greater offense if the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense."
Thus, under Alabama law, a conviction for robbery necessarily requires proof of every element of theft; theft includes as an element the "intent to deprive the owner of his or her property." § 13A-8-2(a)(1), Ala. Code 1975. It is this element that renders theft a crime involving dishonesty. Because theft and robbery share this element, the same considerations that render theft a crime involving dishonesty apply also to robbery. Thus, we hold that robbery, like theft, is a crime that "bears directly on the capacity of a witness convicted of that offense to testify truthfully at trial." Huffman, 706 So.2d at 814.
In his appellate brief, Byner urges this Court to adopt the narrow definition of "dishonesty or false statement" rejected by the Court of Criminal Appeals in Huffman. Byner relies heavily on the South Carolina Supreme Court's decision in State v. Broadnax, 414 S.C. 468, 779 S.E.2d 789 (2015), in which the South Carolina Supreme Court held that, under South Carolina's version of Rule 609(a)(2), which is identical to Alabama's Rule 609(a)(2), robbery is not an offense involving dishonesty or false statement. In doing so, the South Carolina Supreme Court relied on the explanatory language included in Rule 609(a)(2) of the Federal Rules of Evidence :
"The Federal Rules of Evidence specifically identify crimena falsi in Rule 609(a)(2), FRE, as crimes which by their very nature permit the impeachment of a witness convicted of a crime of 'dishonesty or false statement.' ... In fact, *1168 " '[t]he original Conference Report makes the link between Rule 609(a)(2) and the crimena falsi explicit, defining the phrase "crimes involving dishonesty or false statement" as "crimes such as perjury, subornation of perjury, false statements, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused propensity to testify truthfully." ' "
Broadnax, 414 S.C. at 476-77, 779 S.E.2d at 793 (quoting Stuart P. Green, Deceit and the Classification of Crimes: Federal Rule of Evidence 609(a)(2) and the Origins of Crimen Falsi, 90 J. Crim. L. & Criminology 1087, 1090-91 (2000) (footnotes omitted) ).
Byner, citing Broadnax, urges this Court to adopt the narrow crimen falsi test set forth in the Advisory Committee's Notes to Federal Rule 609(a)(2). Byner relies heavily on the fact that, when Alabama adopted the Alabama Rules of Evidence in 1996, it also adopted the following Advisory Committee's Notes:
"Crimes involving 'dishonesty or false statement,' as indicated in the report of the Senate Committee on the Judiciary during the process of adopting the corresponding Federal Rule 609, include crimes 'such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit, or falsification bearing on the accused's propensity to testify truthfully.' Senate Comm. on Judiciary, Fed. Rules of Evidence, S. Rep. No. 1277, 93d Cong., 2d Sess., 14 (1974)."
Advisory Committee's Notes to Rule 609, Ala. R. Evid. Byner argues that, by adopting the Senate Judiciary Committee's comments on Federal Rule 609(a)(2), the advisory committee intended to restrict the application of Rule 609(a)(2) to crimen falsi in accord with federal cases that have dealt with the issue.
However, the Advisory Committee's Notes also indicate the weight of authority to be accorded federal cases interpreting the Federal Rules of Evidence. The Advisory Committee's Notes to Rule 102, Ala. R. Evid., state:
"These rules have been modeled, except where a different treatment was deemed justified for Alabama practice, after the Federal Rules of Evidence, and much of the material in the advisory notes is devoted to a discussion of whether the Alabama Rule of Evidence is identical to or different from its counterpart under the Federal Rules of Evidence. The committee assumes, consequently, that cases interpreting the Federal Rules of Evidence will constitute authority for construction of the Alabama Rules of Evidence. Cases interpreting federal rules, however, are persuasive rather than mandatory authority before the Alabama courts."
Advisory Committee's Notes to Rule 102, Ala. R. Evid. (emphasis added; citations omitted). Likewise, McElroy's Alabama Evidence states:
"Alabama courts, in interpreting the Alabama Rules of Evidence patterned after the Federal Rules of Evidence, will look to federal court decisions as persuasive authority. Additional persuasive authority is found in the advisory notes to the Federal Rules of Evidence.
"It should be noted, of course, that the federal decisions and advisory notes to the Federal Rules of Evidence are not mandatory authority. Alabama courts, *1169 because they are not constitutionally bound to do otherwise, may simply disagree with the reasoning underlying the federal interpretations."
McElroy's Alabama Evidence § 1.03 at 2 (footnotes omitted; emphasis added).
We are unpersuaded that the Advisory Committee's Notes require us to abandon the definition of dishonesty articulated in Huffman. As the Huffman court stated:
"While it is certainly wise to look to federal authority for guidance in applying the new rules of evidence, the federal interpretations are not necessarily binding on this court. Several states that have modeled their rules of evidence after the federal rules have not followed the federal majority view on this issue where to do so would change the state's substantive law."
706 So.2d at 813 (emphasis added) (citing State v. Page, 449 So.2d 813 (Fla. 1984), and People v. Spates, 77 Ill. 2d 193, 395 N.E.2d 563, 32 Ill.Dec. 333 (1979) ).
The substantive law of Alabama requires an interpretation of dishonesty that is consistent with Alabama's historic moral-turpitude test. The test for "dishonesty" articulated in Huffman-- whether the crime bears directly on the capacity of a witness convicted of that offense to testify truthfully at trial -- is consistent with that test. Rather than change the substantive law of Alabama, we reject the narrow interpretation of "dishonesty and false statement" as articulated in federal cases construing Federal Rule 609(a)(2).
Byner points out in his appellate brief that the State of South Carolina argued in Broadnax that South Carolina was not required to adopt the federal crimen falsi approach because South Carolina had not adopted the Senate Judiciary Committee's explanatory comments and that the South Carolina Supreme Court rejected that argument because the crimen falsi doctrine was well established in the common law of South Carolina. Byner seems to be arguing that, because the South Carolina Supreme Court chose to follow the federal crimen falsi approach even when South Carolina had not adopted the Senate Judiciary Committee's explanatory comments, this Court is obligated to follow the federal crimen falsi approach because the Advisory Committee on the Alabama Rules of Evidence incorporated the Senate Judiciary Committee's explanatory comments in its notes.
Byner's argument in this regard ignores the fact that the South Carolina Supreme Court, like this Court, is not constitutionally obligated to follow the federal majority rule. In fact, the South Carolina Supreme Court cited authority standing for the proposition that " 'federal interpretation of [the Federal Rules of Evidence] is persuasive authority.' " Broadnax, 414 S.C. at 477 n. 7, 779 S.E.2d at 793 n. 7 (quoting Laffitte v. Bridgestone Corp., 381 S.C. 460, 474 n. 10, 674 S.E.2d 154, 162 n. 10 (2009) ). Instead, the South Carolina Supreme Court chose to adopt the narrower crimen falsi approach because "the notion of crimen falsi in the evidentiary context is long-established in the common law of South Carolina." Broadnax, 414 S.C. at 477, 779 S.E.2d at 793 (emphasis added).
By the same reasoning, this Court is at liberty to adopt a construction of Rule 609(a)(2) that is consistent with Alabama's long-established notion that crimes involving dishonesty are those crimes "bear[ing] directly on the capacity of a witness convicted of that offense to testify truthfully at trial." As the State notes in its appellate brief, before 1886, Alabama followed the common law in excluding the testimony of witnesses convicted of "infamous" crimes. Although the list of infamous crimes included crimen falsi, it was not restricted to such crimes. "An infamous crime was regarded *1170 as comprehending treason, felony, and crimen falsi." Sylvester v. State, 71 Ala. 17, 25 (1881) (emphasis added). In Sylvester, this Court noted:
"[I]t is the nature of the crime, and not the magnitude of the punishment, which constitutes a blemish on the moral character, and thereby incapacitates to testify by rendering infamous. The test seems to be, 'whether the crime shows such depravity in the perpetrator, or such a disposition to pervert public justice in the courts, as creates a violent presumption against his truthfulness under oath.' "
71 Ala. at 25 (emphasis added).
With the enactment of § 2766 of the Alabama Code of 1886, the Alabama Legislature changed the common-law rule to allow witnesses who had been convicted of infamous crimes other than perjury to testify. However, § 2766 allowed the impeachment of witnesses who had been convicted of infamous crimes by introducing their convictions into evidence. Accordingly, this Court held that evidence of prior larceny convictions was admissible for impeachment purposes. See Pryor v. State, 99 Ala. 196, 13 So. 681 (1893), and Viberg v. State, 138 Ala. 100, 35 So. 53 (1903).
When the 1907 Code was adopted, the Alabama Legislature substituted the "moral-turpitude" standard for the "infamous-crimes" standard. The moral-turpitude standard was recodified at § 12-21-162(b), Ala. Code 1975, as follows:
"(b) As affecting his credibility, a witness may be examined touching his conviction for a crime involving moral turpitude, and his answers may be contradicted by other evidence."
Crimes involving moral turpitude were defined for purposes of § 12-21-162(b) as "crimes that rise to such a level as to permanently cast doubt on the truthfulness and veracity of those who commit them." Ex parte McIntosh, 443 So.2d 1283, 1285 (Ala. 1983). Crimes satisfying the moral-turpitude standard were:
"1) murder, Johnson v. State, 265 Ala. 360, 91 So.2d 476 (1956) ; 2) rape, Matthews v. State, 51 Ala. App. 417, 286 So.2d 91 (1973) ; 3) robbery, Matthews, supra ; 5) larceny, Matthews, supra ; and 6) income tax evasion, Meriwether v. Crown Investment Corp., 289 Ala. 504, 268 So.2d 780 (1972)."
McIntosh, 443 So.2d at 1285-86.
Although the moral-turpitude test of § 12-21-162(b) has been superseded by the "dishonesty or false statement" test of Rule 609(a)(2), the Court of Criminal Appeals' definition of crimes involving dishonesty as "bear[ing] directly on the capacity of a witness convicted of that offense to testify truthfully at trial," Huffman, 706 So.2d at 814, is consistent with the long-established law in Alabama concerning the admissibility of prior criminal convictions for impeachment purposes. The reasoning employed by the South Carolina Supreme Court in Broadnax actually argues in favor of this Court's adopting the broad definition of dishonesty set forth in Huffman in an effort to remain consistent with Alabama's legal history concerning this issue.
Lastly, Byner contends that robbery is not a crime involving dishonesty because "robbery is a crime of violence." Byner's brief, at p. 4. Byner cites Dolan v. State, 81 Ala. 11, 1 So. 707 (1887), in which this Court stated that "[a] character for violence or turbulence sheds no light on the credibility of a witness." 81 Ala. at 19, 1 So. at 713. The substance of Byner's argument appears to be that, because robbery is a crime involving violence, it is not also a crime involving dishonesty. However, as noted above, robbery is defined in Alabama law as theft plus force or threat of force. Stated another way, because theft is *1171 a crime involving dishonesty, robbery is a crime involving both dishonesty and violence. Dishonesty and violence are not mutually exclusive. Nothing in the fact that robbery is a "crime of violence" negates the fact that robbery also involves dishonesty.
For these reasons, we hold that robbery is a crime involving "dishonesty or false statement." Because evidence prior convictions of crimes involving dishonesty or false statement is automatically admissible for impeachment purposes under Rule 609(a)(2), we hold that evidence of a prior robbery conviction is automatically admissible for impeachment purposes under Rule 609(a)(2).
Conclusion
Based on the foregoing, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Stuart, C.J., and Main, Bryan, and Mendheim, JJ., concur.

Section 145.01(9) was substantially rewritten in the 2009 sixth edition of McElroy's Alabama Evidence, listing robbery under the heading "Crimes involving dishonesty or false statement -- illustrative examples," saying it "satis[fies] the broader Huffman interpretation." See discussion infra.